Pate *v.* French *et al.*

No. 14,000.

## PATE *v.* FRENCH ET AL.

WILL.—*Death of Devisees Without Heirs.—Codicil.—Executory Devise.*—One of the items of a will was as follows: " * * * I give my farm to my sons (seven, naming them), to be divided equally between them, share and share alike;" and the codicil is in these words: "In my said will J have made certain bequests and legacies to my children of my property, real and personal. Now I further provide, * * * in case any of my sons or daughters shall die and leave no heirs, children of their body, then the estate so willed to them shall go to their brothers and sisters, and the children of such as might be deceased."

*Held,* that the will and codicil must be construed together, and that they devise to the sons a fee simple in the land, subject to be divested by death without heirs, children of their body surviving, in which event the brothers and sisters, and the children of those brothers and sisters who are dead, take the share so devised to such son in fee simple.

SAME.—*Intention of Testator.—Agreement as to.—Conveyance.*—Immediately after the decease of the testator his other children, not named in the above item, executed, for a valuable consideration, a quitclaim deed conveying to their brothers, the sons named, all their interest, or that of their heirs, in the land; it being understood that the will intended to convey the fee simple in the land to the grantees, the exception in the codicil being intended only to affect those dying before the testator and the taking effect of the will.

*Held,* that the conveyance is binding upon the parties, but not upon their children, the executory devisees.

CONTRACT.—*Written Instrument.—Construction of by Parties in Interest.—Courts.*—Where the parties in interest have themselves placed a construction upon a written instrument, and acted upon such construction, and parted with valuable rights on the faith of such construction, courts will enforce the writing as construed by the parties interested and affected thereby.

From the Ohio Circuit Court.

*J. B. Coles,* for appellant.

*A. C. Downey* and *D. S. Wilber,* for appellees.

OLDS, J.—This is a suit for partition of $24\frac{26}{100}$ acres of land between the heirs and devisees of John I. French, de-

ceased, and the appellant is made a party defendant; and it is alleged in the complaint that the appellant is setting up some title adverse to the alleged owners of the land.

The appellant filed a cross-complaint, in two paragraphs; a demurrer was filed, and sustained, to the first paragraph of the cross-complaint, and this ruling is the first error alleged and discussed. By this paragraph it is alleged, and pleaded, that John I. French, in his lifetime, owned a farm of two hundred and forty acres, situate in Ohio county; that he died testate, and by his will devised said farm to his seven sons; the will and codicil are set out in the paragraph; certain bequests were made to other children of the testator, and item eight of the will disposed of the farm to his seven sons, and the codicil modified the devise as made in said item eight; item eight and so much of the codicil as relates to or affects the devise are as follows:

" Item 8. I now direct that after the above gifts are paid, and my personal estate disposed of as above directed, I give my farm to my sons William M., James M., Charles F., John S., George W., LaFayette P., and Loring C. French, to be divided equally between them, share and share alike."

And the codicil relating thereto is in these words: " In my said will I have made certain bequests and legacies to my children of my property, real and personal. Now I further provide, direct and order, that in case any of my sons or daughters shall die, and leave no heirs, children of their body, then the estate so willed to them shall go to their brothers and sisters, and the children of such as might be deceased."

That immediately after the decease of said John I. French Ann Howell, a daughter of the testator and Jefferson A. French, a son of the testator and his wife, and Mary C. Pate, another daughter of the testator and her husband, John H. Pate, the appellant, made and executed a deed of quitclaim conveying all of said land to the seven sons named in item eight of the will, expressly stating in the deed that such deed

was to perfect the title of the grantees to said real estate, and convey all title which they might have or hold in the same by reason of the will of the testator. Afterwards the seven sons made partition of the lands by deeds of quitclaim, by which William M. French received conveyances from the other brothers for the portion of said land in controversy, and afterwards William M. and his wife conveyed the $24\frac{26}{100}$ acres in controversy to Thomas A. Goodwin and his wife, and said Goodwin and his wife conveyed the same tract to said William M. French and Elizabeth C. French, his wife ; afterwards, in March, 1886, William M. French died without children, and his wife, after his death, conveyed said real estate to the said John H. Pate, the appellant. It is further alleged, and appears, that Ann Howell, one of the daughters who joined in the deed to her brothers, was living at the date of the death of William M. French, and that Mary C. Pate is still living. It appears that Jefferson A. French, the other grantor in the deed, is dead, but the date of his death does not appear.

The sufficiency of this paragraph depends upon the construction to be placed upon the will and codicil disposing of the real estate. It is contended by the appellant, that by item eight of the will the sons took a fee simple interest in the real estate, and that the codicil, which attempted to make a further disposition of it, is a nullity.

We do not think this construction can be given to the will and codicil. The will and codicil must be construed together, and so construing them they dispose of the land by devising to the sons a fee simple therein, subject to be divested by death without heirs, children of their body surviving, and in that event the brothers and sisters and the children of those brothers and sisters who are dead take the share, so devised to such son, in fee simple.

In *Jones* v. *Miller*, 13 Ind. 337, it was held that where a testator devised his estate to his son, and provided that if he should die without lawful heir or heirs, the estate should go

to the children of the testator's daughter, the word " heir " or " heirs " was used in the limited sense of child or heir of his body at the time of the son's death; and upon the death of the son without issue, the estate of the daughter's children was upheld as being taken as an executory devise. To the same effect is *Smith* v. *Hunter*, 23 Ind. 580.

In *Van Horne* v. *Campbell*, 100 N. Y. 287, the court, in speaking of a devise, says : " If the devise in question was a simple devise to the testator's son Douw, in words importing a fee, and a devise over to his brother Henry in the event of the death of Douw without issue at his death, it would have constituted a valid executory devise, according to the doctrine firmly settled by the court of King's Bench, in *Pells* v. *Brown*, Cro. Jac. 590, decided in 1619, and which has been uniformly followed in subsequent cases."

The deed from Ann Howell, Jefferson A. French and his wife, and Mary C. Pate and her husband, to their brothers, named in item eight of the will, was for a valuable consideration, and contained this provision : " This deed is intended to cover all of said land in said deed, the farm being the same that was willed to said grantees by said John I. French, deceased, and this deed shall convey and shall forever release to them any and all interest, present or prospective, of the grantors or their heirs if they have or could be understood to have any interest, it being understood that said will of said deceased intended to convey the fee simple in said land to said grantees ; the exception in the codicil being intended to only affect such as should die before the testator and the taking effect of said will, and this shall make perfect the fee to said lands should any doubt arise as to the meaning or description in the will or codicil of said deceased, and the grantees as a further consideration herein, do release to the grantor any claims to themselves in the legacies named in said will in any event, they to receive the same in fee and forever." This conveyance and contract was a settlement between the heirs, based upon a val-

uable consideration, and is binding between the parties. It is expressed and intended to vest in the grantees the estate which the will vested in the grantors.

The parties met together to make a settlement, and they placed a construction upon the language used in the will of the father, and agreed that the intention of the testator was, and that the meaning of the language used in the will is, to vest in the seven sons named a fee simple title to the land, vesting in each a one-seventh interest, and for a valuable consideration executed a deed of release, stipulating in the deed the intention of the parties, and the construction placed by them upon the will.

It is a well-recognized doctrine, often adhered to by this court, that when the parties in interest have themselves placed a construction upon a written instrument, and acted upon such construction, and parted with valuable rights on the faith of such construction, courts will enforce the writing as construed by the parties interested and affected thereby. See *Lyles* v. *Lescher*, 108 Ind. 382, and authorities there cited. Under this familiar rule and well settled doctrine, the grantors in this deed are bound by the construction placed by them upon the will, and the will as to them must be treated as passing to the seven sons the fee simple interest in the farm, each taking an undivided one-seventh interest. The interest, therefore, which would have passed to the said Ann Howell and Mary C. Pate at the death of William M. French, they having survived William, was vested in William, and the deeds by Goodwin and Goodwin to William and his wife, vested that interest, at least, in William and his wife as an entirety, and on the death of William the wife took the whole, and by her deed conveyed the title to the appellant, and having this interest in the land, as shown by the facts pleaded in the first paragraph of cross-complaint, it was error to sustain a demurrer to it. This settlement and deed, however, would only be binding on the parties thereto and those claiming title to the land through the

grantors. If any of the grantors died before William M. and left children surviving, the children would take by virtue of the will, and would not take title through their father or mother; hence the construction placed by the father or mother on the will, as stipulated in the deed, would not be binding upon the devisee who took the estate by virtue of the executory devise in the will.

It is further alleged that it was agreed between all the parties to said deed, both grantors and grantees and the legatees under the will, that said will devised and bequeathed to each of the devisees a fee simple title to the land and an absolute title and right to the legacies, and that in pursuance of such agreement and construction, deeds were executed between the devisees of the land partitioning the same among themselves, setting apart to William M. the twenty-four $\frac{26}{100}$ acres in controversy, and that the executor of the will made a settlement of said estate in pursuance of such agreement between the legatees and devisees, and paid to the legatees the legacies bequeathed to them without any bond or obligation for the repayment in case of the death of such legatee without children, heirs of his or her body. The agreement and construction placed upon the will thus alleged in the paragraph of cross-complaint, and acted upon by the parties thereto, is binding upon all who were parties to it and were living at the death of said William M., and they took no interest in his share of said land at his death. They having placed their own voluntary construction upon the will, and all acted upon it, some receiving the benefit, others parting with rights on account of such construction, the court will enforce the will as against them as they themselves construed it, although not in accordance with its true legal construction, as it would be unjust and inequitable to place a different construction upon it and allow the parties the benefit of both constructions, and deprive others acting upon such construction and in good faith making the settlement and parting with their rights. The paragraph of cross-complaint is good as

against all the parties who entered into such agreement and acquiesced in, acted upon and induced others to act upon such construction of the will, and who were living at the time of William's death. As to them the will will be construed and enforced as construed by them, as vesting a fee simple title to the land in the seven sons, each taking a one-seventh interest, but it does not affect any who were not parties to such agreement and construction, and who take an interest in the land by virtue of the will.

Taking the view we have of this question, it follows that the cross-complaint is good as against some of the parties named in the cross-complaint, as indicated by the opinion, and we do not deem it necessary to specifically name those against whom it is good, as it can be readily determined by the principle enunciated. The demurrer being a joint demurrer, the court erred in sustaining it, and for such error the judgment must be reversed.

We do not deem it necessary to decide the other questions presented, as they will probably not arise on a re-trial of the case.

Judgment reversed, with costs, and for further proceedings in accordance with this opinion.

Filed Jan. 31, 1890.