\*LAWRENCE POLAND ET AL. V. ST. JOSEPH'S ORPHAN ASYLUM ASSN.

1. RIGHT OF BENEFICIARY AND LEGATEE TO AGREE ON CONSTRUCTION OF A WILL.

An archbishop who is named as trustee of a devise has power to enter into an agreement with the other beneficiaries under the will with respect to the construction to be placed upon its provisions, and he exercises no more than a reasonable discretion in so doing, when confronted by the emergency of an impending contest of the will, and delay on his part in acting or a refusal to act might result in irreparable loss. to the *cestui que trustcnt*.

[For other cases in point, see 7 Cyc. Dig., "Wills," §§ 436-587.—Ed.]

2. VALIDITY OF AGREEMENT BY PARTIES INTERESTED DISPOSING OF AN ESTATE.

Such an agreement when entered into in good faith by all the parties interested in the disposition of the estate will be upheld by the court, notwithstanding the construction which was adopted was not the construction which the court would have placed on the will.

[Syllabus by the court.]

APPEAL from Hamilton common pleas court.

**O. J. Cosgrave,** for plaintiff.

**J. L. Lincoln** and **D. F. Cash,** for defendant.

SMITH, J.

Upon consideration of this case to ascertain the construction of the will of Gregory Rossiter, and particularly the two clauses 5 and 6 of said will, the court is of the opinion that the intention of the testator was to give:

' 1.　To Mary L. Rossiter a life estate in his real estate, and also his personal estate for life; and

2.　The remainder in all of his estate, including the fee in the real estate, and all of his personal property, after paying certain specific bequests therein set forth, to Archbishop Elder and his successors in trust for St. Joseph's Orphan Asylum of this city.

We reach this conclusion by reason of the fact that all the items in a will must be construed together, if possible, so as to have each take effect, and in placing this construction upon the clauses full force and effect is given to each clause in the will under consideration. *Smith* v. *Bell,* 31 U. S. (6 Pet.) 68 [8 L. Ed. 322] ; *Robbins* v. *Smith,* 72 Ohio St. 1 [73 N. E. Rep. 1051], and cases cited.

---

\*Affirming *Poland* v. *St. Joseph's Orphan Asylum,* 17 Dec. 234.

It appears, however, that soon after the death of Gregory Rossiter, Mary L. Rossiter, his sister and legatee under the will, and Archbishop Elder, as trustee for St. Joseph's Orphan Asylum, made an agreement with regard to their construction of the will, as follows:

"Whereas, the last will and testament of Gregory Rossiter, deceased, was duly probated on June 26, 1899, Case No. 48064, Hamilton county, Ohio, probate court; and,

"Whereas, some doubt or question may exist or hereafter arise as to the true meaning or construction to be given to items 5 and 6 of said will as to the legal disposition of the personal property of said decedent; and,

"Whereas, it is manifest to our minds that the decedent in referring to personal property in said item 6 intended thereby to mean and refer to personal property growing out of the investment of the proceeds arising from the sale of real estate, if any should be sold by Mary L. Rossiter, and to no other personal property or intended to refer to leasehold property as personal property.

"Now, therefore, know all men that we, the undersigned, Mary L. Rossiter, sister of said decedent, and Most Rev. William Henry Elder, Catholic Archbishop of Cincinnati, Ohio, a beneficiary trustee under said will, for and in consideration of the avoidance of litigation, and in consideration of mutual concessions tending thereto, hereby agree for ourselves and those who may come after us, that the real and true construction and meaning to be given to said items 5 and 6, and to all of said will shall be given as follows:

"First. Mary L. Rossiter shall have the use of, and the income of all the real estate of the decedent during her lifetime, and such other power over the same as the will provides.

"Second. That said Mary L. Rossiter shall have all the personal property of the decedent, including cash in hand, stocks, bonds and credits, and other personal property absolutely as her own.

"Third. That at the death of said Mary L. Rossiter the real estate of the decedent shall pass to, and vest absolutely in, the Most Rev. William Henry Elder, archbishop, as aforesaid, or his successor in office, in trust, nevertheless, for the uses and purposes set forth in said will.

"Fourth. That after the death of said Mary L. Rossiter any personal property, the proceeds from the sale of real estate of the decedent, made by said Mary L. Rossiter under authority of the will, or any real estate or securities in which such proceeds shall be invested, shall pass to and vest absolutely in said Most Rev. William Henry Elder, arch-

Poland v. Orphan Asylum Assn.

bishop, as aforesaid, or his successor in office, in trust, nevertheless, for the uses and purposes set forth in said will.

"In witness whereof, we have hereunto set our hands in duplicate, this thirtieth day of June, 1899.

                              "MARY L. ROSSITER,
                              "WILLIAM HENRY ELDER,
               "Catholic Archbishop of Cincinnati."

By this paper the two parties mentioned agreed that the true construction of items 5 and 6 gave Mary L. Rossiter the personal estate absolutely, and a life estate in the real estate, with remainder to the archbishop in trust. While this construction is opposed to what we think is the true construction of the will, yet, if the archbishop had power to enter into such an agreement, the court will enforce the writing as construed by the parties interested and affected thereby. Where parties meet together to make a settlement and place a construction upon the language used in a will, and agree as to the intention of the testator, and the meaning of the language, such construction will be upheld. *Pate* v. *French*, 122 Ind. 10 [23 N. E. Rep. 673]; *Follmer's Appeal*, 37 Pa. St. 121; 30 Am. & Eng. Enc. (2 ed.) 673, and cases cited.

But it is claimed by the defendant that Archbishop Elder, as trustee for St. Joseph's Orphan Asylum, was without power to enter into such a settlement and agreement of construction of the will in question. The will itself does not give the trustee the discretion under which he acted, but under the evidence in this case, the court is of the opinion that the rule of law allowing trustees under certain circumstances to exercise the discretionary powers of an absolute owner is applicable to this case, and that the trustee had such power. Exigencies arose which demanded his immediate action, and it is evident that it was for the interest of the beneficiary that he should have exercised the reasonable discretionary power he had in the emergencies existing at the time the agreement was made. When the circumstances are such as to require immediate or prompt action on the part of the trustee, and it appears that he acts in good faith, and to the best of his judgment, he will be sustained by the court; and in an emergency which involves a delay that might be attended with injury or loss to the estate, the trustee will be upheld in the timely and wise exercise of discretionary power. 2 Perry, Trusts Sec. 476; 2 Beech, Trusts & Trustees 992, and cases cited.

The archbishop had full power as the sole trustee under the law to enter into such an agreement. He was not alienating church

Hamilton County.

property. He acted in good faith. The agreement was entered into at a time when he had Mrs. Rossiter believed that an attempt might be made to break the will, and thereby in case the will was set aside, he would lose all his interest in the estate. At least he believed that such a suit, if brought, might materially lessen the interests of his beneficiary.

In making this agreement, the court feels that he acted in the greatest good faith and exercised that careful and wise judgment which is upheld by the law in such cases, and although the construction placed upon the will by the parties to the agreement is not, in the opinion of the court, the true construction, yet, the archbishop having power to enter into said agreement, and benefits having accrued to his beneficiary, where perhaps otherwise great loss would have accrued, the court will enforce the construction placed upon the will by the parties, and a decree may be taken in accordance herewith.

**Giffen** and **Swing, JJ.,** concur.

---

# MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS.

[Butler (1st) Circuit Court, April, 1905.]

Jelke, Swing and Giffen, JJ.

*JOHN B. SCOTT, A TAXPAYER, ETC. V. HAMILTON (CITY) ET AL.

1. POWERS OF BOARD OF PUBLIC SERVICE MINISTERIAL.

A board of public service, where required by a street improvement ordinance to choose one of three materials after bids were received, performs only a ministerial act, and as the agent of the city council executes its legislative command.

2. COURTS CANNOT REVIEW ACTS OF BOARD, WHEN.

There is no statutory provision requiring that the discretion of the board of public service in the selection of material for the improvement of a street shall be controlled by the wish of the property owners, and where the board exercises its discretion in good faith, its decisions cannot be interfered with by the courts.

3. AWARD OF CONTRACT, DISCRETIONARY POWER.

The provision of Lan. Rev. Stat. 3131 (B. 1536-679) that the public service board "shall make a contract with the lowest and best bidder," does not require that the award be made to the lowest bidder, and where the action of the board in awarding the contract is free from fraud, its discretion cannot be controlled.

[For other cases in point, see 6 Cyc. Dig., "Municipal Corporations," §§ 1372-1384.—Ed.]

---

*Affirming *Scott* v. *Hamilton*, 16 Dec. 660.