**STEPHENS et al.**

v.

**SEARS ROEBUCK & CO.**

**No. 10994.**

United States Court of Appeals
Seventh Circuit.

April 26, 1954.

Edmond J. Leeney, Fred A. Malo, Hammond, Ind., Wagner & Malo, Galvin, Galvin & Leeney, Hammond, Ind., of counsel, for appellant.

Maurice B. Wolf, Burton Y. Weitzenfeld, Lederer, Livingston, Kahn & Adsit, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

The plaintiff Ruth Stephens, brought an action to recover damages occasioned by the alleged negligence of the defendant in maintaining the floor of its store. The plaintiff, Richard F. Stephens, is her husband and he brought an action to re-

cover for hospital and medical expenses and loss of services. The actions were consolidated for trial. The jury rendered verdicts for the plaintiffs. The defendant filed motions for judgments notwithstanding the verdicts, which motions were granted and the court entered judgment for the defendant, from which this appeal is prosecuted. The error relied on arises out of sustaining the defendant's motions for judgments notwithstanding the verdicts, on the ground that the evidence was insufficient to establish negligence on the part of the defendant.

The plaintiff, Ruth Stephens, and Mrs. Earl Hamilton, a friend, entered the defendant's store to make a purchase. They entered a washroom on the second floor, and Mrs. Hamilton sat in a chair. Mrs. Stephens, aged 62 years, was walking across the floor of the washroom toward the wash basin when, according to her own testimony, "suddenly I seemed to hit a greasy or slick spot, my feet flew out from under me, and I hit the floor". She was physically injured as the result of the fall. She testified that, as she went into the room she noticed that the floor was "very slick and shiny", and Mrs. Hamilton testified that when she walked on the floor she observed that it was "shiny and very slick". Mrs. Stephens testified further that she thought that the floor was painted and that it was waxed. Both of these witnesses testified that they had had experience in applying wax to floors. Mrs. Hamilton testified that from noticing that the floor was slick she concluded that there was some wax on it.

Witnesses for the defendant testified that the floor had not been waxed, that there were no grease spots on it, and that there was no foreign matter on the floor where Mrs. Stephens fell; the floor was concrete with green paint mixed with the concrete; the floor was cleaned every morning with Octo-Solve mixed with water, after which it was mopped up with clear water; no wax or oil was ever on the floor; there is no wax or oil in Octo-Solve.

██ Plaintiffs admit that it is the law that if there is no evidence upon which a jury may base a verdict, the court does not invade the province of the jury by taking a case from it and entering a judgment for the defendant. In Boston v. Chesapeake & O. Ry. Co., 223 Ind. 425, 61 N.E.2d 326, 327, the court held:

> "A peremptory instruction should be given only when the evidence is clearly insufficient to establish one or more of the facts essential to the plaintiff's right to a recovery."

██ It was incumbent on plaintiffs to prove that the defendant was guilty of negligence in maintaining the washroom floor. Counsel for plaintiffs admits that waxing a floor is not negligence *per se*. If the evidence of plaintiffs' witnesses, standing alone, is to be considered as sufficient to prove that the floor was waxed, it was still incumbent upon the plaintiffs to prove that the waxing was done negligently resulting in a dangerous condition. There is no direct evidence that there was a dangerous condition. The mere fact that Mrs. Stephens fell does not so prove. Her testimony that she *seemed* to hit a greasy or slick spot, with no description by her or anyone else as to the appearance of the alleged spot, falls far short of evidence that there was a greasy or slick spot. The testimony of plaintiffs' witnesses that the floor was "slick", "shiny" or "slippery" fails to definitely show a dangerous condition. These words of description are lacking in precision of meaning. What is "slippery" to one person might not be "slippery" to others. The same characteristic applies to "shiny" and "slick".

██ There is no evidence in this case that the defendant was negligent in maintaining the floor or that there was a dangerous condition existing on the floor of the washroom where Mrs. Stephens fell.

It therefore follows that the District Court did not commit error in entering judgment for the defendant notwithstanding the verdicts and its order should be affirmed.

Affirmed.