**Myrl A. MOYER, Plaintiff-Appellant,**

v.

**CASS COUNTY POST NO. 60, DEPARTMENT OF INDIANA AMERICAN LEGION, INC., an Indiana corporation, Defendant-Appellee.**

**No. 13466.**

United States Court of Appeals
Seventh Circuit.

Jan. 18, 1962.

R. Kent Rowe, South Bend, Ind., for appellant.

Roland Obenchain, Jr., South Bend, Ind., for appellee.

Before SCHNACKENBERG, KILEY and MAJOR, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Myrl A. Moyer, plaintiff, has appealed from a judgment entered for Cass County Post No. 60, Department of Indiana American Legion, Inc., an Indiana corporation, defendant, based upon a directed verdict entered upon defendant's motion at the close of plaintiff's case, in a suit where she sued for personal injuries sustained as a result of her fall upon the floor of a hall in defendant's building in Logansport, Indiana.

It appears from the evidence that plaintiff, aged 65 years, went with Mrs. Ruth A. DesJardins, on July 8, 1957, to attend a bingo game operated in said hall by defendant. The hall had a cement floor, covered with asphalt block tile, and was equipped with ceiling lights. Tables for players were arranged in rows.

The floor was maintained by an employee of defendant who waxed and polished it at intervals of three to five weeks. Neither the chairman of the house committee, nor any one else, to his knowledge, inspected the premises prior to plaintiff's injury to determine the condition of the floor.

When the two women entered the hall and walked about fifteen feet, Mrs. DesJardins' right foot slipped from under her and she grabbed plaintiff to hold herself up. Mrs. DesJardins looked to see if she might have stepped on something, but the floor was just shiny and had a high sheen to it, a high gloss, was very slippery looking in that spot, and it seemed very highly polished and very slippery.

According to plaintiff's testimony, she paid $3 for bingo cards and sat at a table to play. At the conclusion of the game, she arose and took four or five steps across the floor, whereupon, to use her words as a witness, "my left foot flew right straight out in front of me. I felt the ball of it hit something slick and it flew right straight out in front of me * * * and when I came to the realization of what happened I was on the floor. * * * flat on my back, * * *." She observed the floor around her; it was more shiny than the rest. As she hit the floor, she put her hands out to catch herself. Plaintiff testified, "they were dirty, sticky and waxy".

After plaintiff arrived at a hospital in an ambulance, Mrs. DesJardins observed that plaintiff's hands were dirty and had a wax-like substance on them.

As a result of the fall, plaintiff sustained an intracapsular fracture of the neck of the femur in her left hip region which required that an open reduction operation be performed.

Plaintiff contends that the district court, in passing upon defendant's motion for a directed verdict, was required to consider the evidence in a light most favorable to her. She further contends that the evidence thus considered required that the motion for a directed verdict be denied and that the questions of fact involved in the case be submitted to the jury for determination.

We have heretofore recognized that waxing of a floor is not negligence per se. Stephens v. Sears Roebuck § Co., 7 Cir., 212 F.2d 260. However, waxing of a floor, within the holding in Stephens, means a proper waxing. It does not encompass an application of wax lacking uniformity in distribution, which results in inconspicuous slick spots

upon which an ordinarily careful walker might slip. The jury might reasonably have found from the evidence introduced by plaintiff in this case that the waxing had been done in a negligent manner and that as a proximate result thereof plaintiff fell while exercising ordinary care. Therefore, it was error to direct a verdict for defendant.

For this reason the judgment of the district court is reversed and the cause is remanded for a new trial.

Reversed and remanded for a new trial.