DABEN REALTY CO., INC. *v.* NOELENE STEWART.

[No. 1171A230. Filed December 29, 1972.]

---

40

*H. William Irwin, Richard L. Fairchild, Stewart, Irwin, Gilliom, Fuller & Meyer,* of Indianapolis, for appellant.

*Frank W. Morton, Morton, Tumbove & Rogers,* of Indianapolis, for appellee.

WHITE, J.—Mrs. Stewart, plaintiff-appellee, fell down in the lobby of an office building owned and maintained by Daben Realty Co., Inc. (Daben). A jury awarded her $47,000.00 for her injuries. Daben appeals, contending (1) the evidence of negligence is insufficient, and (2) that it was error to exclude the proffered testimony of an expert concerning the result of co-efficient-of-friction tests he had made. We affirm.

The evidence and reasonable inferences most favorable to the injured plaintiff-appellee establish the following facts:

On the date of the accident, July 23, 1965, defendant-appellant Daben's entire office building was under lease to the United States Department of Agriculture, or more particularly the Federal Crop Insurance Corporation of which Mrs. Stewart was an employee. Her place of work was Room 105 of the leased building at 311 West Washington Street,

Indianapolis. Room 105 was on the ground floor and opened directly into the lobby. There was a door between the lobby and the said office room but no threshold or similar structural feature separated the lobby floor from the office floor. Both floors were covered with square asphalt tile of undisclosed size. The lobby floor was waxed and polished to a high sheen. The floor just inside the doorway of Room 105 was dirty, spotty, gritty and sticky. It was cleaned and waxed much less often than the lobby floor.

On the day of the accident Mrs. Stewart was 59 years of age, had no physical deformities and was in good health. She was wearing two year old sandal type shoes with one and one-quarter inch shaped heels (bigger at the top and tapered at the bottom). Her fall occurred at approximately 4:30 P.M. as she was leaving work carrying mail (6-8 envelopes), her purse, sunglasses and a pair of shoes in a sack. She described her fall thusly:

"I stepped out from our part of the office, and I don't think I ever took that second step even. The first step and both feet were out and I fell on my hip."

It was stipulated that Daben, pursuant to the provisions of the lease, was obligated to maintain all the floors throughout the buildings.

Plaintiff and defendant have quite properly agreed that Daben owed plaintiff the duty to exercise ordinary care to keep the building and its means of egress and ingress in a reasonably safe condition. *Great Atlantic and Pacific Tea Company* v. *Custin* (1938), 214 Ind. 54, 59, 13 N.E.2d 542, 544; *Verplank* v. *Commercial Bank of Crown Point* (1969), 145 Ind. App. 324, 334, 251 N.E.2d 52, 58, 18 Ind. Dec. 495, 504. They also correctly agree that the proper waxing of a floor is neither negligence *per se* nor evidence of negligence. *Stephens* v. *Sears Roebuck & Co.* (CA 7, 1954), 212 F. 2d 260; *Bonawitt* v. *Sisters of Charity of Saint*

*Vincents Hospital* (1932), 43 Ohio App. 347, 349, 182 N.E. 661, 662.

The only evidence that the lobby itself was improperly waxed is its description by plaintiff's witnesses as being shiny, slick, highly polished, and expressions to that general effect. Were we persuaded by defendant's contention that only the lobby floor's condition is an issue in this case we would be inclined to hold that the evidence was insufficient to warrant a jury finding of negligence. But we are not so persuaded. We hold that the jury was entitled to consider the condition of the lobby floor *and* the condition of the floor in the doorway of Room 105 from which the plaintiff took the step in which plaintiff said "both feet went out and I fell on my hip."

With respect to the condition of the floor in the office doorway defendant does not question the sufficiency of the evidence to warrant a jury finding that it was dirty, spotty and gritty. What defendant challenges is its relevance. In its reply brief defendant analyzes some sixteen cases cited by plaintiff and reaches this conclusion:

> "In all of the above cases where an invitee fell on a spot which was different from the surrounding floor area, the evidence demonstrated that the spot was one of excessive wax or oil, or even a foreign substance such as water, or was a spot caused by the particular defendant's improper application of wax or oil, or its failure to follow proper instructions on floor maintenance. To the contrary in the case at bar, the floor area which plaintiff described as being dirty, spotty, and gritty, was *not* the area where plaintiff fell. She fell in the lobby area with which she was quite familiar. The lobby floor area, separated from plaintiff's office area by the entrance door, was not an area where plaintiff had reason to expect a condition of one kind but was met by another."

To the extent that the foregoing comment suggests that plaintiff may have been contributorily negligent it is outside defendant's assignment of errors (i.e., the specifications of the

motion to correct errors) which went only to the sufficiency of the evidence of defendant's negligence.

The only *reason* we find in defendant's argument for excluding the doorway area from the area where plaintiff fell is that the lobby floor area was separated from the office area by the door. What difference that opened door makes to the person who steps from the gritty doorway onto the highly polished lobby area is not pointed out. But if it was relevant, the jury was also entitled to consider the fact that the two areas were covered by the same asphalt tile material and that there was no threshold separating the two spaces.

In *Moyer* v. *Cass County Post No. 60, Department of Indiana American Legion, Inc.* (CA 7, 1962), 298 F. 2d 46, plaintiff was playing bingo at a Logansport, Indiana, American Legion Hall.

> "At the conclusion of the game, she arose and took four or five steps across the floor, whereupon, to use her words as a witness, 'my left foot flew right straight out in front of me. I felt the ball of it hit something slick and it flew right straight out in front of me * * * and when I came to the realization of what happened I was on the floor. * * * flat on my back, * * *.' She observed the floor around her; it was more shiny than the rest.
>
> * * *
>
> "We have heretofore recognized that waxing of a floor is not negligence per se. Stephens v. Sears Roebuck & Co., 7 Cir., 212 F. 2d 260. However, waxing of a floor, within the holding in Stephens, means a proper waxing. It does not encompass an application of wax lacking uniformity in distribution, which results in inconspicuous slick spots upon which an ordinary careful walker might slip. The jury might reasonably have found from the evidence introduced by plaintiff in this case that the waxing had been done in a negligent manner and that as a proximate result thereof plaintiff fell while exercising ordinary care." (298 F. 2d at 47.)

Bearing in mind that plaintiff's contributory negligence is not here in issue and that the polished condition of the lobby floor was not inconspicuous, we believe the federal court of

appeals' comments are nevertheless applicable here. The jury could reasonably have found that, as compared to the floor whence plaintiff stepped into the lobby, the tile onto which she stepped was slick and that because of that contrast there was a dangerous lack of uniformity in the maintenance of the floor over which plaintiff was required to walk going to and from her place of work.

The second issue is presented by this specification of error in defendant's motion to correct errors:

> "4. Error committed by the Court during trial in refusing to permit defendant's expert witness, William A. SerVaas, to testify as to the results of his tests for co-efficient of friction conducted on the surface of defendant's floor under like or similar circumstances existing at the time the plaintiff allegedly fell on defendant's floor."

Nowhere in the motion nor in appellant's brief is the question or the plaintiff's objection set out, either in substance or verbatim.

Trial Rule 59(B) requires that "[t]he statement of claimed errors [in the motion to correct errors] shall be specific rather than general. . . ." This rule, we believe, preserves the pre-existing case law requirement that:

> " 'In order to preserve for review the refusal of the court to permit a witness to answer a question on direct examination, the motion for new trial must show the question, the objection, and the offer to prove what evidence would have been given by the witness in answer to the question.' *Blackard* v. *Monarch's, etc. Inc.* (1961), 131 Ind. App. 514, 521, 169 N.E.2d 735, 97 A. L. R. 2d 1255." *City of South Bend* v. *Fink* (1966), 139 Ind. App. 282, 288, 219 N.E.2d 441, 445.

Appellant's failure to comply with the rule results in nothing being presented to us for review. But we may note that appellant's argument fails to convince us, as it apparently failed to convince the trial judge, that the condition of the floor at the time the tests were made was substantially similar to its

condition at the time of the fall, some five and one-half years earlier. Whatever may have been the form of the question, we are satisfied the court did not err in refusing to allow it to be answered.

Judgment affirmed.

Buchanan, P.J. and Sullivan, J., concur.