IN THE MATTER OF THE ESTATE OF GUSTA HAZEL EATON, DECEASED, MILDRED FAUSNAUGH, EXECUTRIX *v.* HAROLD JUDAY, POWER OF ATTORNEY FOR MABEL I. JUDAY.

[No. 3-374A51. Filed March 26, 1975.]

Howard G. Heckner, Heckner & Associates, of Ligonier, for appellant.

Merritt Diggins, Emerick & Diggins, of Kendallville, for appellee.

PER CURIAM—Appellee Juday objected to the final report and proposed distribution filed in the Estate of Eaton asserting error in the distribution proposed pursuant to Item 3 of decedent's will and a codicil applicable thereto.

After hearing, the court sustained the objection and entered judgment accordingly.

This appeal asserts the decision is not supported by the evidence and is contrary to law.[1] Finding no error, we affirm.

Item 3 of the will bequeathed in equal shares to nine nieces and nephews the U.S. Series "E" Bonds owned by the decedent and her savings account at the Cromwell State Bank. The provision recited that the approximate total thereof was $2,000 and that this represented money the decedent had inherited from her father.

---

1. The allegation that the decision was contrary to the evidence presents nothing for review. The executrix had the burden of proof and appeals from a negative judgment. Taylor v. Burk (1883), 91 Ind. 252.

Nearly five years later, on August 2, 1967, the testatrix executed the codicil in question. At that time she still possessed U.S. Series "E" Bonds and had two savings accounts at the Cromwell State Bank. One account, which was in existence when the original will was executed, contained a balance of $778.68. The other, which was opened in May 1965, contained a balance of $5,676.23 and fifteen days after executing the codicil another $6,276.68 was deposited.

The relevant portion of the first codicil provided:

"I hereby add to Item 3 of my Last Will and Testament dated October 17, 1962, to the effect that I will that the sum of Item 3 *shall in any event be Six Thousand Dollars* ($6,000.00) to be divided among my nine nieces and nephews, named therein, and I hereby give, devise and bequeath to my said nine (9) nieces and nephews, equally, share and share alike, *the total sum of Six Thousand Dollars* ($6,000.00)." [Our emphasis]

Appellant correctly points out that a will and a codicil thereto are to be construed together. *Pate* v. *French* (1889), 122 Ind. 10, 23 N.E. 673.

Appellant also points out the ambiguity of the codicil's use of the phrase "I hereby add to Item 3." Does the phrase refer to the subject matter of the item or the item itself, i.e. I hereby add what I say here to what Item 3 already said.

Appellant, however, ignores the cardinal rule of will construction. Where ascertainable, and not contrary to law, the intent of the testatrix governs. *St. Mary's Hospital* v. *Long* (1938), 215 Ind. 1, 17 N.E.2d 833. Ordinarily, this is determined from the four corners of the instrument. *Antibus* v. *Hart* (1956), 126 Ind. App. 686, 135 N.E.2d 835. But even when consideration of surrounding facts and circumstances is proper, that is still the purpose of the inquiry. *Robison* v. *Elston Bank & Trust Co.* (1943), 113 Ind. App. 633, 48 N.E.2d 181.

Item 3 of decedent's will devised to her nieces and nephews her bank account and Series "E" Bonds without specification as to amount except to refer to their then approximate total.

The codicil in plain language unmistakably fixed the amount of that bequest at six thousand dollars. Any ambiguity to be derived from the use of the before-quoted phrase was therefore superfluous. *Keplinger* v. *Keplinger* (1916), 185 Ind. 81, 113 N.E. 292.

The trial court correctly decided that the bequest thereby made to the nieces and nephews was six thousand dollars.

Judgment affirmed.