DAVID LA FARY *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, JOHN A. BUFFALOE, EMMA LOU TRIBBY, MFA INSURANCE COMPANIES AND CHESTER PEARCE D/B/A MFA INSURANCE AGENCY.

[No. 1-775A114. Filed October 16, 1975.]

*Joseph B. Barker, Kagan and Barker,* of Martinsville, for appellant.

*Lawrence McTurnan, Robert L. Hartley, Jr., Bredell, Martin & McTurnan,* of Indianapolis, for MFA Insurance Companies, *William K. Steger, Bunger, Harrell & Robertson,* of Bloomington, for appellees State Farm Mutual Automobile Insurance Co. and John A. Buffaloe.

PER CURIAM—The appellees MFA Insurance Companies, Chester Pearce d/b/a MFA Insurance Agency, and Emma Lou Tribby, have filed their Motion To Dismiss Or Affirm,

and the appellees State Farm Mutual Automobile Insurance Company and John A. Buffaloe have filed their Motion to Affirm. The principal allegation of each motion is that the appellant's motion to correct errors does not preserve any issues for review by this Court.

Omitting the formal parts, the appellant's motion to correct errors is as follows:

### "MOTION TO CORRECT ERRORS

"Comes now the plaintiff and moves the Court to correct errors and says:

"(1) That the judgments herein are not supported by the evidence.

"(2) That the judgments are contrary to law.

"(3) That the plaintiff was deprived of a full and fair hearing on the merits of the entire lawsuit by one judge ruling on part of the case and then another judge ruling on another part of the case.

"WHEREFORE, plaintiff moves that the Court grant a new trial herein."

The motion to correct errors is not accompanied by any memorandum or statement of facts and grounds on which the alleged errors are based as required by TR. 59 (B). It is too well settled to admit of any argument that points 1 and 2 of appellant's motion to correct errors do not preserve any error for appeal.

Concerning point 1 of the motion, we note that the appellant, LaFary, the plaintiff in the trial court, is appealing from a negative judgment. Therefore, the claimed error that the judgments are not supported by the evidence is not available to him.[1]

---

1. *Matter of Estate of Heaton, Fausnaugh, Extrx.* v. *Juday* (1975), 163 Ind. App. 486, 324 N.E.2d 832; *Link* v. *Sun Oil Company* (1974), 160 Ind. App. 310, 312 N.E.2d 126; *Dyer Construction Co., Inc.* v. *Ellas Construction Co.,* (1972), 153 Ind. App. 304, 287 N.E.2d 262; *Goff* v. *Graham* (1974), 159 Ind. App. 324, 306 N.E.2d 758; *Senst* v. *Bradley* (1971), 150 Ind. App. 113, 275 N.E.2d 573.

Concerning point 2 of the motion, Rule TR. 59(B) requires that the statement of claimed errors shall be specific rather than general, and shall be accompanied by a statement of the facts and grounds upon which the errors are based. As earlier noted, there is no such statement of facts and grounds accompanying the motion. The statement of claimed error is general, not specific. It possibly could apply to various events which occurred during the course of the proceedings. It is not the trial court's duty to guess at the claimed error, nor this Court's duty to guess again on appeal. Without the claimed errors being specifically set out and accompanied by a statement of facts and grounds the trial court cannot know the errors he is requested to correct and this Court cannot intelligently review the proceedings to determine whether error has been committed. This is why a specific statement of the claimed errors is required, and why, as in this case, in the absence of specific statements, nothing is presented to this Court for review.[2]

Concerning point 3 of the motion, the record reveals the Motion for Change of Venue From Judge was filed on September 18, 1974. The record next shows the court granted the motion, gave the parties three days to agree and then named a panel of three judges from which to select in the event the parties could not agree. The next entry is as follows:

"And afterwards to-wit: September 25, 1974 the following proceedings were had

2. *Ingmire et al. v. Butts* (1975), 166 Ind. App. 149, 334 N.E.2d 701; *Levanthal Auto Co. v. Munns* (1975), 164 Ind. App. 368, 328 N.E.2d 734; *Haskett v. Haskett* (1975), 164 Ind. App. 105, 327 N.E.2d 612; *Bennett v. State* (1973), 159 Ind. App. 59, 304 N.E.2d 827; *State v. Hladik* (1973), 158 Ind. App. 223, 302 N.E.2d 544; *Weingart v. State* (1973), 157 Ind. App. 597, 301 N.E.2d 222; *Farley v. Farley* (1973), 157 Ind. App. 385, 300 N.E.2d 375; *Adkins v. Elvard* (1973), 155 Ind. App. 672, 294 N.E.2d 160; *Daben Realty Co., Inc. v. Stewart* (1972), 155 Ind. App. 39, 290 N.E.2d 809; *Matthew v. State* (1972), 154 Ind. App. 182, 289 N.E.2d 336; *Ostric v. St. Mary's College* (1972), 153 Ind. App. 616, 288 N.E.2d 565; *Ind. Dept. State Revenue v. Frank Purcell Walnut Lumber Co., Inc.* (1972), 152 Ind. App. 122, 282 N.E.2d 336; *Spivey v. State* (1971), 257 Ind. 257, 274 N.E.2d 227.

"Comes now the parties by their attorneys and files Notice of Selection of Judge

(HERE TRANSMITTED)

"The Honorable James Dixon, Judge of the Monroe Superior Court No. 2, Bloomington, Ind. has been duly selected pursuant to Motion for change of Judge issued by the Court Sept. 18, 1974."

From this entry we can only infer that the appellant, by his attorney, participated in the selection of the special judge. The record does not disclose that appellant objected to the Motion for Change of Venue from the Judge. There is nothing to indicate appellant sought extra ordinary relief from the order granting the Motion for Change of Venue from the Judge. All in all the record reflects acquiescence by the appellant in the motion and participation in the selection of the successor judge. The first objection to the change of judge that appears in the record is in point 3 of the motion to correct errors. By failing to object, at the time, to the motion for change of venue from the judge, but instead, having acquiesced and participated in the proceedings, the appellant has waived that issue.

The appellant has failed to preserve any issues for appeal on points 1 and 2 of his motion to correct errors and has waived point 3. Therefore, there is nothing before this Court to decide. The appellees' Motions To Affirm are sustained and the judgment of the trial court is affirmed.

NOTE.—Reported at 335 N.E.2d 242.