Robert H. COOK and Mildred E. Cook,
Appellants-Plaintiffs,

v.

Kurt HAHN and Margaret Hahn, Eugene Ries, Thelma Ries, The Town of Clear Lake, Indiana, Kenneth Eichler, Town Zoning Inspector for the Town of Clear Lake, Indiana, Appellees-Defendants.

No. 3–679A155.

Court of Appeals of Indiana,
Third District.

April 21, 1980.

Howard E. Petersen, Richard K. Muntz, Petersen & Muntz, LaGrange, for appellants-plaintiffs.

Warren G. Sunday, Auburn, H. Charles Winans, Garrett, for appellees-defendants.

STATON, Judge.

In a dispute over the ownership of land, plaintiffs below, Robert and Mildred Cook (Cook), instituted a quiet title action naming as defendants Kurt and Margaret Hahn (Hahn) and the contract purchasers of the Hahn property, Eugene and Thelma Ries. Cook also sought $10,000 damages and all other proper relief. The trial court, without intervention of jury, found against Cook and denied all relief. Upon appeal, Cook raises four issues for our consideration:

(1) Whether the trial court's decision was contrary to law;

(2) Whether the trial court erred in denying Cook's request to view the land in dispute;

(3) Whether the trial court erred in not reopening the case to take additional evidence; and

(4) Whether the trial court's failure to order a survey was contrary to law.

We affirm the trial court on all issues.

## I.

### Facts

Appellant Cook instituted these proceedings in the trial court below to quiet title in a disputed ten foot tract of land. Cook owned a sixty foot lakefront lot on Clear Lake. Hahn owned a forty-eight foot lakefront lot to the south of Cook's lot. Both Cook's lot and Hahn's lot were bordered by Clear Lake on the east and by a public road on the west. Each lot had a seawall running the length of its lakefront border.

The disputed ten foot tract of land was at the Cook-Hahn boundary line. Cook claimed that his predecessor in title had been the grantee of two quitclaim deeds to a ten foot wide tract of land immediately south of Cook's lot and running from Clear Lake to the public road. Following from this, Cook argued that the northern boundary of Hahn's lot was ten feet south of the southern boundary of Cook's lot and, as measured on the lakefront, ten feet south of the southern end of Cook's seawall. Hahn contended that his northern boundary was the southern boundary of Cook's lot at the southern end of Cook's seawall.

By legal description, the northern boundary of Hahn's lot on the east-lakefront side was sixty feet north of the northern lakefront corner of Lot # 29. Lot # 29 was south of Hahn's lot and was bordered on the east by Clear Lake and on the west by the public road. Originally, a twenty foot platted road existed to the north of Lot # 29, but it had been vacated by the town of Clear Lake. At least the southern eight feet of Hahn's lot was composed of this vacated road.

In this case it is important to note what was not in dispute. The southern border of Cook's lot ending at the south end of Cook's seawall was not in dispute. Neither did Cook challenge the northern boundary of Lot # 29—the point of beginning of the legal description of Hahn's lot. Cook did not dispute the fact that Hahn owned forty-eight feet of lakefront property between these two nondisputed boundaries. It was also not in dispute that a vacated road twenty feet in width was north of Lot # 29 with at least an eight foot portion of that road within Hahn's lot.

The only issue before the trial court was whether Hahn's northern boundary was ten feet south of Cook's southern boundary or whether Hahn's northern boundary was Cook's southern boundary. This reduced the issue to whether there was a distance of sixty feet or seventy feet between the lakefront northern corner of Lot # 29 and the lakefront southern corner of Cook's lot (the south end of Cook's seawall). The trial court determined that there was sixty feet and that Hahn's northern boundary was Cook's southern boundary at the south end of Cook's seawall.

## II.

### Decision Contrary to Law

■ The first allegation of error by appellant Cook is that the trial court's decision

was contrary to law. Cook's brief asks this Court to reweigh the evidence presented at the trial. Our Supreme Court set out the proper standard of review in *Bureau of Motor Vehicles v. Pentecostal House of Prayer* (1978), Ind., 380 N.E.2d 1225, 1228:

> "It is fundamental that in reviewing actions of a trial court, an appellate court can neither weigh the evidence nor determine the credibility of witnesses. *B & T Distributors, Inc. v. Riehle* (1977) Ind., 366 N.E.2d 178, 180. On appeal, this court looks only to the evidence and reasonable inferences therefrom which tend to support the finding of the trial court. *Gariup v. Stern* (1970), 254 Ind. 563, 261 N.E.2d 578. It is only where the evidence leads to but one conclusion and the trial court has reached the opposite result that the judgment will be disturbed as being contrary to law." *Palmer v. Decker* (1970), 253 Ind. 593, 255 N.E.2d 797.

The record reveals several exhibits entered into evidence which can be reasonably construed to support the trial court's determination. Apparently, the trial court adopted one such exhibit as part of its judgment.[1] This exhibit had been made by the county surveyor in 1964 before this dispute arose. This exhibit contains a legal description and a plat of the land here in issue with a signed and sealed certificate stating that the county surveyor had surveyed the legally described land and that the plat was "a true and correct plat of my survey." This plat clearly shows Cook's lot adjoining Hahn's lot without a ten foot tract of land between the lots, with Hahn's lot forty-eight feet in length, and with the southern eight feet of Hahn's lot containing part of the vacated twenty foot plat road. The other twelve feet of the vacated plat road is shown to be south of Hahn's lot but north of Lot # 29. The total distance between the northern boundary of Lot # 29 on the Clear Lake shore and the southern boundary of Cook's lot on the Clear Lake shore is shown as sixty feet.

In addition, the trial court heard testimony by Hahn that he had measured the distance between Cook's property line on the south (Hahn's northern boundary) and the northern property line of Lot # 29 along the Clear Lake shore and that the distance was sixty feet. The trial court also heard testimony by registered land surveyor Robert Davenport that his examination of the plats and surveys in evidence led him to believe that the disputed ten feet was actually the northern ten feet of Hahn's lot.

■ This record is clearly sufficient to support a finding by the trial court that the distance from the northern boundary of Lot # 29 to the southern boundary of Cook's lot along the shore of Clear Lake is sixty feet. Therefore, the trial court's determination was not contrary to law in finding that Hahn's northern boundary—sixty feet, by legal description, north of the northern boundary of Lot # 29 along the shore of Clear Lake—started at, and was in fact one and the same as, the southern boundary of Cook's lot.

### III.

#### Refusing to View

Secondly, Cook alleges that the trial court erred in refusing to view the disputed property. We disagree.

■ Viewing the property is within the sound discretion of the trial court and is not reviewable without a demonstrated abuse. *Yeager & Sullivan, Inc. v. O'Neil* (1975), 163 Ind.App. 466, 324 N.E.2d 846; *City of Indianapolis v. Walker* (1960), 132 Ind.App. 283, 168 N.E.2d 228. The viewing of the premises by the court is not evidence, but rather, it is to enable the court to obtain a better understanding of the evidence presented at the trial. *Yeager & Sullivan, Inc., supra.*

■ Cook failed to show any abuse of discretion by the trial court. In addition, considering the amount of demonstrative evidence in the record—including plats, surveys, and drawings—it can be reasonably inferred that there was little need for the

---

1. The trial court entered, as part of its judgment, a copy of a plat identical to the above textually described exhibit but without formally identifying such exhibit in the judgment.

court to view the disputed property in order to clarify other evidence presented at the trial. Finding no abuse of discretion, we affirm the trial court's refusal to view the property.

## IV.

### Reopen the Case

Cook's third allegation of error is that the trial court should have reopened the case to take additional evidence. Specifically, Cook argues that the trial court should have allowed two witnesses to testify.

Although appellant-Cook's brief argues several other issues under his "Issue III," all such alleged errors are waived because Cook failed to present them to the trial court in his motion to correct errors. Ind. Rules of Procedure, Trial Rule 59(G); *Schmidt Enterprises, Inc. v. State* (1976), Ind.App., 354 N.E.2d 247; *Haskett v. Haskett* (1975), 164 Ind.App. 105, 327 N.E.2d 612.

The record indicates that Cook's witnesses, Federspiel and David, were under subpoena to appear at the trial. Neither witness, however, appeared. At the end of the presentation of all evidence, the trial court granted a continuance so that Cook's counsel could secure these two witnesses. On that date, December 1, 1978, the court requested Cook's counsel to certify to the court within one week whether there would be further evidence. The record reveals no

certification, motion, or any other pleading filed with the trial court in regard to these absent witnesses. There is no other entry in the record until December 20, 1978 when the trial court entered its judgment.

■ Cook first raises this issue in his motion to correct errors. It is well settled law in this state that when error is alleged but not disclosed by the record, such error is not a proper subject for review by this court. *State v. Maplewood Heights Corp.* (1973), 261 Ind. 305, 302 N.E.2d 782; *Fruehauf Trailer Div. v. Thornton* (1977), Ind. App., 366 N.E.2d 21. Therefore, since there is nothing in the record to review, we will not address this alleged error.

## V.

### Order Survey

Cook's final allegation of error is that the failure of the trial court to order a legal survey was contrary to law. For the following reason, Cook waives any such alleged error.

The first [2] notice of Cook's desire for the court to order a survey was in Cook's motion to correct errors. Without referring the trial court or this Court to any statutory or case law, Cook claims that the trial court's refusal to order a "legal survey" was "contrary to law." We could find no authority for this proposition.[3]

2. Cook argues that the following colloquy between counsel for Hahn, Mr. Sunday, and appellant-Cook upon recross of Cook brought the issue before the court:

"Q. Mr. Cook, did it ever dawn on you that what you got in that quitclaim deed was nothing more than land that you didn't have before?
"A. You're not kidding me one bit.
"Q. But you do have sixty foot of frontage?
"A. All you got to do is measure from the vacated road way or McLoughs and we'll come up with the facts, and *if the Judge sees fit to authorize a legal survey i'll [sic] pay half the costs.*
"MR. SUNDAY: No further questions."
(Emphasis added.).
This clearly did not bring the issue before the court. In addition, no motion or request was brought to the attention of the court. Further, TR. 7(B) states:

"Unless made during a hearing or trial, or otherwise ordered by the court, an application to the court for an order shall be made by written motion. The motion shall state the grounds therefor and the relief or order sought. The requirement of notice is satisfied by service of the motion."
No such motion is found in the record.

3. Under Chapter 48, Ejectment and Quiet Title, IC 34–1–48–1 to –23 (1979), there is one section (IC 34–1–48–16, *id.*) relating to court ordered surveys which reads as follows:

"The court, on motion, and after notice to the opposite party, may, for cause shown, grant an order allowing the party applying therefor, to enter upon the property in controversy, and make survey and measurement thereof for the purposes of the action."
This statute does not apply to this issue. It does, however, outline a method by which

■ This issue need not be further analyzed. As stated in *Johnson v. State* (1975), Ind.App., 338 N.E.2d 680, 682:

"The requirement of specificity contained in TR. 59(B) and echoed by TR. 59(G) should be notorious by now. Not only must the alleged error be specifically set out, but also the facts and grounds in support of the claimed error must be discussed with enough particularity that the trial court may be made aware of the exact legal issue involved. Failure to comply waives any claimed error except sufficiency of the evidence, pursuant to TR. 50(A)(5)."

*Accord, White v. Livengood* (1979), Ind. App., 390 N.E.2d 696; *LaFary v. State Farm Mutual Automobile Ins. Co.* (1975), 166 Ind.App. 279, 335 N.E.2d 242. We therefore decline to review this issue.

We affirm.

GARRARD, P. J., and HOFFMAN, J., concur.

Cook could have properly obtained a court order allowing such a survey. In fact, Cook entered a survey by a registered land surveyor, which was before the trial court as evidence, of Hahn's lot, Cook's lot, and all land here in dispute. Cook's desire for a further survey is not explained.