Filed Oct. 15, 1890.

---

No. 15,627.

## WALLS *v.* THE STATE.

CRIMINAL LAW.—*Evidence.—Declarations.—Inadmissible Unless Conspiracy is Shown.*—The declarations of a person jointly indicted with the accused but awarded a separate trial, made before the commission of the crime, are not admissible in evidence against the accused where there is no evidence in the record tending to show a conspiracy between them.

SAME.—*Conversation After the Commission of the Crime.—Inadmissibility of.*—A conversation between such person and a wife of a witness for the State, which occurred some time after the robbery, and could not, therefore have been part of the *res gestæ,* nor made in furtherance of the common design, was not admissible against the accused.

SAME.—*Character of Alleged Accomplice.*—It was not error for the court to refuse to permit the accused to prove that his alleged accomplice was a person of good character for honesty. For the purposes of the trial the alleged accomplice was a stranger to the record, and his character for honesty was of no more importance than the character of any other third person.

From the Crawford Circuit Court.

*N. R. Peckinpaugh, J. H. Weathers, C. L. Jewett* and *H. E. Jewett,* for appellant.

*L. T. Michener,* Attorney General, for the State.

COFFEY, J.—On the 25th day of March, 1889, the grand jury of Crawford county returned an indictment against the appellant and one Francis Belcher, charging that the said Belcher and the appellant, on the 6th day of November, 1884, at said county, wrongfully and feloniously, violently and forcibly, made an assault upon Alexander Brown, and

by putting the said Brown in fear, did steal and carry away from his person sixty-five dollars, of the current money of the United States, of the value of sixty-five dollars.

The appellant entered a plea of not guilty, and upon motion of the said Belcher separate trials were awarded him and the appellant.

This cause was tried by a jury who returned a verdict finding the appellant guilty as charged, upon which the court, over a motion for a new trial, rendered judgment.

The assignment of error calls in question the propriety of the ruling of the circuit court in overruling the motion for a new trial.

On the trial of the cause the State was permitted to prove by one Thomas Bryant, over the objection of the appellant, that he, the said Bryant, on the day before the robbery charged in the indictment, had a conversation with Francis Belcher, jointly indicted with the appellant, and in his absence, in which the said Belcher said to the witness : " Those fellows, Zandy and old Mozy (meaning Alexander Walls and Moses Roberts) are going out to get some money to-night." " I understood him to mean Moses Roberts and Walls, the defendant. He said : 'They want you to go with them.' I said : Walls owes me now and he ought not to ask me to go his security. Belcher said : 'They will not borrow it. They will get it another way.' "

The State was also permitted to prove by one George King, over the objection of the appellant, that in a conversation between the said Belcher and the wife of the witness, in the absence of the appellant, on the Sunday following the robbery charged in the indictment, the wife of the witness, in speaking of the robbery, said to Belcher : " It is a pity some one was not up there with a pistol." To which Belcher replied : That he and Walls were right there at the gate at the time the robbery was committed, and that they each had a bull-dog pistol.

The evidence in this cause tends to prove that on the night of the 6th day of November, 1884, shortly after dark, seven or eight men entered the house of Alexander Brown, in Crawford county, and robbed him of a sum of money amounting to about sixty-five dollars.

Neither Brown nor any of his family was able to identify the robbers, as they all wore masks except one, the one not masked being a stranger to both Brown and his family.

The general rule is that the declarations of a third party, made in the absence of the accused, are not admissible in evidence against such accused when placed upon his trial. *Turbeville* v. *State*, 42 Ind. 490.

One of the well known exceptions to the general rule exists in cases of the perpetration of crimes by several persons, when once a conspiracy or combination is established. In such cases the acts or declarations of one co-conspirator or accomplice, in the prosecution of the enterprise, is considered the act or declaration of all, and, therefore, imputable to all. All are deemed to assent to or commend what is said or done by any one in furtherance of the common object. The principle on which the acts and declarations of the other conspirators, and the acts done at different times, are admitted in evidence against the persons prosecuted, is, that by the act of conspiring together, the conspirators have jointly assumed to themselves, as a body, the attribute of individuality, so far as regards the prosecution of the common design, thus rendering whatever is done or said by any one, in furtherance of the design, a part of the *res gestœ*, and, therefore, the act of all. *Williams* v. *State*, 47 Ind. 568; 3 Greenleaf Evidence, section 94 ; Wharton Criminal Evidence, section 698.

A foundation, however, must first be laid, by proof sufficient, in the opinion of the court, to establish, *prima facie*, the fact of conspiracy between the parties—the question of conspiracy being ultimately for the jury.

But when the common enterprise is at an end, whether by

accomplishment or by abandonment, no one of the co-conspirators can, by any subsequent declarations of his own, affect the others. His confession, though made in the most solemn form, can affect no one but himself, and is not admissible in evidence against the others. The fact that he is indicted jointly with the others makes no difference. Wharton Criminal Evidence, section 700; *People* v. *Stevens*, 47 Mich. 411; *Lawson* v. *State*, 20 Ala. 65; *Commonwealth* v. *Thompson*, 99 Mass. 444; *Rufer* v. *State*, 25 Ohio St. 464; *Spencer* v. *State*, 31 Texas, 64; *Card* v. *State*, 109 Ind. 415; *Moore* v. *Shields*, 121 Ind. 267.

We have not been favored with a brief on behalf of the State, and we are not, therefore, advised of the ground upon which the circuit court admitted the evidence above set out. We have examined the evidence carefully, and have been unable to find any legitimate proof in the record tending to show that there was a conspiracy between the appellant and Belcher at the time of the conversation between the latter and the witness Bryant.

The conversation between Belcher and the wife of King was clearly not admissible against this appellant, as it occurred some time after the robbery, and could not, by any possibility, have been part of the *res gestœ*, and could not have been made in furtherance of the common design.

In our opinion the court erred in permitting this evidence to go to the jury.

The appellant, on the trial of the cause, offered to prove by a competent witness that Belcher, his alleged accomplice, was at the time of the robbery a person of good character for honesty, but the court refused to admit such evidence.

In this we do not think the court erred. Belcher was not on trial, and the question then under investigation related to the guilt or innocence of the appellant, and did not necessarily involve the guilt or innocence of Belcher.

For the purposes of the trial of this cause Belcher was a stranger to the record, and his character for honesty was of

no more importance than the character of any other third person.

A question is also raised and discussed by the appellant relating to the conduct of the jury, but as this question is not likely to arise again upon another trial of the cause we deem it unnecessary to consider or decide it.

For the error above indicated the judgment must be reversed.

Judgment reversed, with directions to the circuit court to grant a new trial. The clerk will issue the necessary order for the return of the appellant to the sheriff of Crawford county.

Filed Oct. 15, 1890.