PATTON, NICKELSON *v.* STATE OF INDIANA ET AL.

[No. 29,968.  Filed May 25, 1961.]

*John M. Heeter* and *C. Richard Fulmer,* both of Indianapolis, for appellants.

*Edwin K. Steers,* Attorney General, and *Patrick D. Sullivan,* Deputy Attorney General, for appellees.

LANDIS, C. J.—Appellants were charged by indictment with conspiracy to commit a felony, to-wit: robbery, and after trial by the court were convicted and fined in the sum of $2,500.00 and sentenced to the Indiana State Prison for a period of two to fourteen years.

Appellants have assigned error on this appeal that the court erred in overruling their motion for new trial and contend among other things that the finding of the court is not sustained by sufficient evidence.

Appellee (the State) has contended that we cannot consider this question for the reason that all the evidence is not in the record. However, the certification of the judge below is to the effect that the bill of exceptions ". . . contains all the evidence given and offered in said cause, . . . ."; and the

certificate of the clerk appears to be in proper form. We conclude the record is properly before us and that there has been a substantial compliance with procedural requirements for us to pass on the question of the sufficiency of the evidence to sustain the finding of the lower court. See: F. W. & H., Trial & App. Practice, §2293, comment 5, §2343.

An examination of the evidence favorable to appellee reveals the existence of written confessions of the codefendants Fuqua and Phillips and oral statements by them to a police officer, all of which were made after their arrest, and outside the presence of the appellants herein. The only additional evidence was that the State's witness Moss testified appellant Nickelson told him a friend of his (Nickelson's) ". . . needed one or two boys to do some work"; that thereafter Moss contacted codefendants (appellees) Phillips and Fuqua and told them there was a job to do for a friend of his.

The sole evidence concerning the nature of the job is that about 4:30 p.m. on September 18, 1958, appellant Nickelson went to the home of witness Moss and said he wanted to talk to the fellows Moss had gotten for him. Moss and appellant Nickelson then went to look for the codefendants (appellees) Phillips and Fuqua at the corner of West and North Streets in the city of Indianapolis. On neither being found Moss and Nickelson returned to Moss's home, where they observed Phillips crossing the street. Phillips was called over to the truck in which Moss and Nickelson were riding. Moss got out of the cab and Phillips got in. Moss then went home and heard no conversation.

Appellant Patton does not appear to have been present at any of the conversations with said codefendants Phillips and Fuqua, or with anybody else concerning the commission of any felony; and, in fact, his name

wasn't mentioned in the testimony except for State's exhibits 6 and 7 (the signed confessions of Phillips and Fuqua), and the oral statements made by Phillips and Fuqua to policeman Dabner in the absence of Patton, subsequent to Phillips' and Fuqua's arrest.

Reference should here be made to the well established rule in this state that evidence of acts or statements of parties to a conspiracy in furtherance of its objects, is admissible against all the parties to the conspiracy though the statements were made or the acts were performed in the absence of the defendants. 5 I. L. E., Conspiracy, §15, pp. 251, 252; *McKee* v. *The State* (1887), 111 Ind. 378, 12 N. E. 510.

However, it is also true that before the acts or declarations of one conspirator are admissible into evidence against a coconspirator, there must be some evidence, either direct or circumstantial of the existence of a conspiracy. *Howe* v. *State* (1917), 186 Ind. 139, 143, 115 N. E. 81, 82; *Dye* v. *The State* (1891), 130 Ind. 87, 88, 29 N. E. 771, 772; *Kahn* v. *State* (1914), 182 Ind. 1, 4, 105 N. E. 385, 386.

As this Court said in the case of *Dye* v. *State, supra,* (130 Ind. 87, 88, 29 N. E. 771, 772) :

". . . it is a rudimental principle that agency, conspiracy or the like, cannot be proved by the declarations of the alleged agent or conspirator. To make the admissions of an alleged conspirator evidence there must be some evidence, although it need not be strong, of the existence of the conspiracy. . . ."

It is further well established that only those acts and declarations which transpired or were made between the beginning and the ending of the conspiracy and in furtherance of its objects may be shown against the asserted coconspirators who did not make the declarations or do the acts in question. 5

I. L. E., Conspiracy, §15, pp. 251, 252, *supra*. In this connection it has been held that a confession or admission of the existence of a conspiracy by one coconspirator after he has been apprehended or arrested is not in furtherance of the conspiracy so as to be admissible against his fellow conspirators. *Fiswick* v. *United States* (1946), 329 U. S. 211, 217, 67 S. Ct. 224, 227, 91 L. Ed. 196, 200; See: *Baker* v. *State* (1910), 174 Ind. 708, 713, 93 N. E. 14, 17; *Walls* v. *The State* (1890), 125 Ind. 400, 402, 25 N. E. 457.

We believe these well settled principles of law compel us to conclude that the evidence was entirely insufficient to show a conspiracy on the part of appellants in the case before us. As the evidence previously recited shows, there was no evidence apart from the *ex parte* statements or confessions of the codefendants to connect either appellant in this case with a conspiracy to commit robbery. It further appears that the confessions or statements of the codefendants are further insufficient as evidence against appellants as such statements were made after the codefendants were arrested by the police officers, and therefore the statements could not have been made in furtherance of the conspiracy so as to be admissible. *Fiswick* v. *United States, supra; Baker* v. *State, supra; Walls* v. *The State, supra.* See also: *Robertson* v. *State* (1952), 231 Ind. 368, 376, 108 N. E. 2d 711, 715.

In view of the result we have reached it is unnecessary to consider the remaining contentions urged by appellants.

Judgment reversed with instructions to sustain appellant's motion for new trial.

Achor, Arterburn and Bobbitt, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 175 N. E. 2d 11.