GLOVER v. STATE OF INDIANA.

[No. 869S178. Filed November 30, 1970. No petition for rehearing filed.]

*Don R. Money*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Kenneth M. McDermott*, Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was charged by affidavit with the crime of Second Degree Burglary, said affidavit reading in pertinent part as follows:

"(T)hat JOSEPH D. GLOVER, BILLY GENE PHIPPS, and ROBERT J. PIERSON on or about the 1st day of FEBRUARY, A.D. 1968, at and in the County of Marion in the State of Indiana, did then and there unlawfully,

feloniously and burglariously break and enter into the building and structure of PANKE MACHINERY CORPORATION, a corporation, then and there situate at 7255 WEST WASHINGTON STREET, County of Marion, State of Indiana, which said building and structure was not a place of human habitation, with the intent to commit a felony therein, to-wit: to unlawfully and feloniously and knowingly obtain and exert unauthorized control over property of said PANKE MACHINERY CORPORATION, a corporation, permanently of the use and benefit of said property, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

On June 5, 1968, appellant waived arraignment and entered a plea of not guilty to the crime as charged. Appellant filed his written waiver of jury trial on March 10, 1969, and this cause was thereafter tried by the court without the intervention of a jury, said trial commencing on April 17, 1969. On the same date the court found appellant guilty as charged and ordered a Pre-Commitment Investigation Report to be filed. On May 7, 1969, the court sentenced appellant to the Indiana State Reformatory for not less than Two (2) nor more than Five (5) years and disfranchised him for a period of two (2) years.

Appellant filed his motion for new trial on May 22, 1969, said motion attacking the finding of the court as not sustained by sufficient evidence and contrary to law. The court overruled appellant's motion the same day. Appellant's sole Assignment of Error on appeal is that the trial court erred in overruling his motion for new trial.

Appellant contends that the evidence presented to the trial court was wholly insufficient to sustain his conviction on each of the essential elements of the crime as charged. This Court has previously stated that, when the question of the sufficiency of the evidence is raised as an issue on appeal, it will consider only that evidence most favorable to the State, together with all reasonable and logical inferences which may be drawn therefrom, *Liston* v. *State* (1969), 252

Ind. 502, 250 N. E. 2d 739; *McGill* v. *State* (1969), 252 Ind. 293, 247 N. E. 2d 514, and that a conviction will be affirmed if, from that viewpoint, there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401 260 N. E. 2d 558.

The facts which tend to support the finding of the trial court in the case at bar are as follows: On February 1, 1968, appellant, Bobby Pierson, and Billy Phipps drove to the Panke Machinery Corporation, located at 7255 West Washington Street in the City of Indianapolis. They parked appellant's car in a service station just west of the building which houses Panke Machinery Corporation. Appellant and Pierson announced that they were going to break into the building while Phipps remained in the car. Appellant took a screwdriver with him. He and Pierson were gone for a period of two to three hours. Upon their return to the car, appellant drove it over to the rear of the building, opened a rear door to the building, and began loading merchandise from the building into the automobile.

Charles Banford, an employee of Panke Machinery Corporation, stated that, when he arrived at work, he observed that a forced entry through a door in the rear of the building had been made. He further stated that he had conducted an inventory, and that the following items were missing: 1 Bell and Howell projector, 2 Victor adding machines, 5 I.B.M. electric typewriters, 1 Add-O-X adder, 6 Remington adders, 1 Polaroid camera, 1 Philco portable television, and a Frieden calculator, serial number 901580.

Later that same day, Robert Gray purchased the Frieden calculator aforementioned from appellant, Pierson and Phipps. Gray later resold that calculator, and it was subsequently recovered by deputies of the Marion County Sheriff's Department. Appellant and Phipps kept the proceeds of the sale of the calculator and went to Evansville.

The statute under which the appellant was charged and

convicted is Burns Ann. Stat. § 10-701 (b) (1956 Repl.), which reads in pertinent part as follows:

"Whoever breaks and enters into any * * * building or structure other than a dwellinghouse or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, and upon conviction shall be imprisoned not less than two (2) years nor more than five (5) years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period * * *."

The material elements of the crime of Second Degree Burglary are, therefore, a (1) breaking and (2) entering, (3) into any building or structure other than a dwelling-house or place of human habitation, (4) with the intent to commit a felony therein. We feel the evidence presented to the trial court was sufficient to sustain appellant's conviction on each of the material elements of said crime.

Appellant, however, contends that he could not have been convicted without the testimony of Billy Phipps, for the reason that, absent said testimony, the State could not have proved each of the essential elements of the crime charged, and, therefore, since Phipps pled guilty and received a suspended sentence, this Court should give no weight to his testimony. If the appellant is claiming that this Court should totally ignore the testimony of an admitted accomplice to the crime in question and then proceed to reweigh the evidence to determine whether or not it is sufficient to sustain the conviction, such an argument must fail for two reasons. First, this Court has stated on numerous occasions that, on appeal, it will not weigh the evidence or determine the credibility of the witnesses. *Stock* v. *State* (1966), 247 Ind. 532, 219 N. E. 2d 809; *Byrd* v. *State* (1962), 243 Ind. 452, 185 N. E. 2d 422. Second, the rule in Indiana with respect to the admissibility and weight to be given accomplice testimony is clear. An accomplice is a competent witness when he consents to testify. Burns Ann. Stat. § 9-1603 (1956 Repl.); *Ingram* v. *State* (1951), 230 Ind. 25, 99 N. E. 2d 410; *Reyman*

v. *State* (1926), 197 Ind. 685, 150 N. E. 409. Also, it is well settled that a person may be convicted upon the uncorroborated testimony of an accomplice if such testimony, which should be scrutinized carefully and cautiously admitted, convinces the court or jury of the defendant's guilt beyond a reasonable doubt. *Key* v. *State* (1956), 235 Ind. 172, 132 N. E. 2d 143; *Walker* v. *State* (1934), 206 Ind. 232, 189 N. E. 127.

Certainly, appellant's conviction in the case at bar should be sustained, for, not only was Billy Phipps fully competent to testify, but his testimony was also corroborated to a large extent by the testimony of subsequent witnesses for the State. Phipps testified that the appellant had a screwdriver in his possession when he announced his intention to break into the Panke Machinery Corporation. Charles Banford, an employee of the company, later testified that, when he arrived at work the next morning, he observed that a forced entry had been made through a door in the rear of the building. Further, appellant's unexplained possession and subsequent sale to Robert Gray of the Frieden calculator, positively identified as belonging to the Panke Machinery Corporation, likewise lends credence to Phipps' account of the events of February 1, 1968.

The mere recital of the rule that accomplice testimony should be "scrutinized carefully and cautiously admitted" does not mean that such testimony is not a proper subject for the consideration of the trier of fact. Here the court heard the testimony of Billy Phipps, weighed it along with the other evidence presented, and, for the most part, determined appellant's guilt thereon. In reviewing the record to ascertain whether or not there was substantial evidence of probative value to prove appellant's guilt, we cannot say that the determination reached by the trial court was so unwarranted as to cause a reversal of the finding and judgment below.

The judgment of the trial court is affirmed.

Hunter, C.J., Arterburn, Givan and DeBruler, JJ., concur.

NOTE.—Reported in 263 N. E. 2d 723.