311 N.E.2d 430 (1974)
Caleb Eugene McCauley, Appellant (Defendant below),
v.
STATE of Indiana, Appellee (Plaintiff below).
No. 2-873A173.
Court of Appeals of Indiana, Second District.
May 23, 1974.
David F. McNamar, Steers, Klee, Sullivan & Lemay, Indianapolis, for appellant.
Theodore L. Sendak, Atty. Gen., Robert F. Colker, Asst. Atty. Gen., Indianapolis, for appellee.

ON PETITION FOR REHEARING
BUCHANAN, Judge.
Appellant (McCauley) alleges in his Petition For Rehearing that the issue of whether or not the State failed to prove the victim was "another human being" within the meaning of I.C. 1971, XX-XX-X-X, Ind. Ann. Stat. § 10-401a (Burns 1973 Supp.), may be raised for the first time upon appeal.
Our opinion stated that this issue was waived because the Motion to Correct Errors was silent on this point.
Quite properly McCauley reminds us that Rule TR. 50(A)(5) allows an appellant for the first time on a criminal appeal *431 to raise a question as to the sufficiency of the evidence to support the conviction.
Granting counsel's perspicacity, alleged error as to the insufficiency of the evidence to prove the victim was "another human being"[1] comes to naught.
The record quickly reveals that the victim appeared at trial and testified to the fact that the appellant was the individual who shot him. The jury was given ample opportunity to observe the victim and weigh his testimony presented at trial.
The victim's mother testified in a manner which indicated that her son was in fact a human being:
"My husband had told me I couldn't see him, but I wanted to; and I never saw anybody that had apparatus on 'em, like he did. I don't see how a human being could live, and a nurse took me over, and she explained everything that was on him, and what it was for, and tried to comfort me; and Billy opened his eyes and he said, `Mom, don't let me die.'" (Emphasis supplied.)
The jury was presented with more than sufficient evidence to reasonably conclude that the victim was a "human being" within the meaning of § 10-401a under which the appellant was charged. See: Washington v. State (1971), 257 Ind. 40, 271 N.E.2d 888; Gann v. State (1971), 256 Ind. 429, 269 N.E.2d 381; Smith v. State (1970), 254 Ind. 401, 260 N.E.2d 558; Asher v. State (1969), 253 Ind. 25, 244 N.E.2d 89.
Accordingly, the Petition is denied.
SULLIVAN, P.J., and WHITE, J., concur.
NOTES
[1] The use of the word "human" to describe a person is generally preferred, as by definition a "human" is a being. See: WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY. Use of the two words together is considered a needless repetition (a tautology).