KENNETH WOLFE v. STATE OF INDIANA.

[No. 1-374A34. Filed August 22, 1974.]

*Bob Good,* of Shelbyville, for appellant.

*Theodore L. Sendak,* Attorney General, *Henry O. Sitler,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—Defendant-appellant Wolfe appeals his conviction of theft of property under $100 and conspiracy to commit a felony—theft of property over $100.

He raises two issues: one, whether evidence was admitted which was the product of an illegal search and seizure; two, whether the evidence is sufficient to support the conviction.

We affirm.

A summary of the facts favorable to the State is as follows: The manager of a grocery store hired a police officer, Michael Alley, to check on the night shift employees of the store because of inventory shortages. Specifically, Alley was to watch the cigarette display where the shortages had been most apparent. Stocking of these displays was done during the day by the cashiers and there was no reason for night shift personnel to be near them. Around midnight, at the end of his regular police shift, Officer Alley positioned himself on a nearby parking lot and watched the display through binoculars. He saw Wolfe and another person remove cigarettes from the top of the display case and take them to the floor. A counter blocked his view making it impossible for him to see what was done then with the cigarettes. He notified Officer Smith of what he had observed. Earlier in the evening Smith had seen the truck in which Wolfe was apprehended parked in the rear of the grocery store.

A little later, Officer Smith stopped the truck because it was speeding. While checking the driver's license he noticed a box of packaged meats on the floor of the passenger's side.

He then radioed Officer Alley who arrived shortly thereafter and observed sacks containing cigarette cartons in the back seat. The store manager came and identified the items as property of his grocery. Wolfe and Dewhurst, the driver, were arrested.

Wolfe contends that the cartons of cigarettes admitted into evidence were the product of an illegal search and seizure.

Looking at the evidence in the light most favorable to the State, we must accept the fact that the cigarettes were observed in plain view after the truck had been stopped. Thus, the only question is whether Officer Smith was justified in initially stopping the vehicle.

Wolfe contends that the officer was not justified in stopping the truck. He argues that the speeding violation was a sham and that Officer Smith did not have probable cause to arrest him for theft.

As Wolfe points out, no speeding citation was ever issued. However, this does not conclusively prove that the truck was not speeding. Officer Smith testified that he had in fact observed the truck being driven at an excessive rate of speed. Since we must accept that version of the facts most favorable to the State, we cannot say as a matter of law that the speeding violation was a sham.

Furthermore, our Supreme Court has held that an officer may stop and detain a suspect briefly for investigation even though the officer lacks probable cause to make an arrest. The Supreme Court in *Luckett* v. *State* (1972), 259 Ind. 174, 284 N.E.2d 738, stated that it was not "automatically unconstitutional" to briefly detain a suspect under circumstances where probable cause for arrest is lacking. The question is "whether the facts known . . . at the time he stopped the car were sufficient to warrant a man of reasonable caution in the belief that an investigation was appropriate." 284 N.E.2d at 742; *Accord, Williams* v. *State* (1974), 261 Ind. 547, 307 N.E.2d 457.

In the instant case the following facts were known to Officer Smith: (1) Officer Alley had been employed to watch over the grocery store, (2) He had personally seen the truck in which Wolfe was apprehended parked behind the grocery store, (3) Officer Alley had seen Wolfe removing cigarettes from the display.

It would seem that these facts would justify Officer Smith's detention and investigation of the truck with the result that the evidence was properly introduced.

Wolfe next contends that the conviction is not supported by sufficient evidence.

The facts show that Wolfe and another person were seen taking cigarettes from the display. Wolfe was later stopped by the police and cigarettes from the store were found in the truck. Dewhurst, the driver of the truck and the alleged co-conspirator, testified that he and Wolfe had gotten some meat and cigarettes together and loaded them into the truck. Absent Dewhurst's testimony, the sufficiency of the evidence could perhaps be subject to dispute. However, his testimony leaves no question that the evidence was sufficient. Thus, the question is whether that testimony was properly received.

Wolfe makes a general argument that Dewhurst's testimony should not have been believed because his testimony was inconsistent on several points and he was an alleged co-conspirator granted immunity for his testimony. This argument goes to the credibility of the witness, a matter which we are precluded from considering since the trier of fact is the sole judge of a witness's credibility.

Wolfe also argues that the testimony of the co-conspirator should not have been received because independent evidence of a conspiracy was not first shown. He cites the following language from *Patton* v. *State* (1961), 241 Ind. 645, 175 N.E.2d 11 in support of his argument:

"However, it is also true that before the acts or declarations of one conspirator are admissible into evidence against

a co-conspirator, there must be some evidence, either direct or circumstantial of the existence of a conspiracy." 241 Ind. 645, 175 N.E.2d at 12.

In response to this argument, it appears that there was evidence of a conspiracy to warrant the court's acceptance of Dewhurst's testimony. Officer Alley saw two people taking cigarettes from the display, one of whom was Wolfe. Also Dewhurst and Wolfe were together in a truck containing the cigarettes when apprehended. These facts indicated that Wolfe was not alone but was acting jointly.

Furthermore, Wolfe's argument that independent evidence of conspiracy must be shown seems inapplicable to the present case. That principle seems to apply only in cases where out of court statements of a co-conspirator are offered under an exception to the hearsay rule, not when the co-conspirator gives direct testimony. *See, Smith* v. *State* (1961), 241 Ind. 601, 174 N.E.2d 47; *Smith* v. *State* (1974), 159 Ind. App. 438, 307 N.E.2d 875. Indiana law holds that a conviction may be supported by the uncorroborated testimony of an accomplice. *Black* v. *State* (1973), 261 Ind. 410, 304 N.E.2d 781; *Glover* v. *State* (1970), 255 Ind. 304, 263 N.E.2d 723.

The testimony of Dewhurst was properly received. His testimony, plus other evidence, is sufficient to support the conviction.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 315 N.E.2d 371.