WALTER WYNN *v.* STATE OF INDIANA.

[No. 2-974A215. Filed December 19, 1974. Rehearing denied February 13, 1975. Transfer denied April 17, 1975.]

*Michael A. Kiefer, Steers, Klee, Sullivan, McNamar & Rogers,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Douglas W. Meyer,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—Defendant-appellant Walter Wynn appeals from his conviction of entering to commit a felony,[1] questioning the sufficiency of the evidence to support such conviction.

The record of this cause discloses that at approximately 10:03 P.M. on March 18, 1974, Indianapolis Police Officer Russell L. Slavens was radioed to the "Guarantee Auto Store" at 2307 Lafayette Road in Indianapolis on "a break in alarm." When he arrived he observed Wynn leaving the building through a window and entering a pickup truck parked beside an overhead door. Wynn fled in the truck and Officer Slavens pursued him. Following a brief chase, the truck stopped. As Officer Slavens approached Wynn's vehicle, he observed numerous new tires in the back of the truck. He then placed Wynn under arrest.

Officer Slavens then returned to the "Guarantee Auto Store" and found a window had been broken out of an overhead door. Robert Hewitt, a Guarantee Auto Stores, Inc. employee, testified that this window was not broken when he closed and locked the store at 8:00 P.M. that evening. Hewitt also identified the tires found in the back of the truck Wynn was driving as the property of Guarantee Auto Stores, Inc., and as having been inside the store when it closed that evening.

Wynn denied entering the store and testified he found the tires outside the building.

On appeal, Wynn asserts that Officer Slavens could not positively identify him as the person seen leaving the building and therefore the State failed to establish the necessary connection between him and the entry into the "Guarantee Auto Store."

The record does not support Wynn's argument. Officer Slavens testified as follows:

"A. Well, as I approached it, on southbound Lafayette Road, I observed a subject coming out of the window,

1. IC 1971, 35-13-4-5, Ind. Ann. Stat. § 10-704 (Burns 1956).

walking around to a car, to a pickup truck, parked beside the overhead door there.

"Q. Is that subject here in the courtroom today?

"A. Yes, sir, he is.

"Q. Would you please point him out to the Court?

"A. The middle gentleman there.

"Q. Is that the defendant, Walter Wynn?

"A. Yes, sir, Walter Wynn."

While Officer Slavens admitted, on cross-examination, that he did not get a good enough look at Wynn to identify him until after he had exited the building, he further testified that he never lost track of the person he saw leaving the store and that this person was the same person apprehended a short time later: Walter Wynn.

Thus, the evidence and reasonable inferences therefrom most favorable to the State establish that shortly after an unauthorized entry into the "Guarantee Auto Store", Wynn was seen leaving the building through a window, that he fled upon the arrival of Officer Slavens and that when apprehended, he was in possession of property removed from and owned by Guarantee Auto Stores, Inc. Such evidence is sufficient to allow the trier of fact to conclude beyond a reasonable doubt that Wynn entered the "Guarantee Auto Store" with the intent to commit a felony. *Tuggle* v. *State* (1969), 253 Ind. 279, 252 N.E.2d 796; *Wojcik* v. *State* (1965), 246 Ind. 257, 204 N.E.2d 866, 4 Ind. Dec. 664.

No reversible error having been shown, the judgment of the trial court must be affirmed.

Affirmed.

Garrard and Staton, JJ., concur.

NOTE.—Reported at 319 N.E.2d 885.