WILLIAM LEE JOHNSON *v.* STATE OF INDIANA.

[No. 2-674A146. Filed December 18, 1975.]

*Harriette Bailey Conn, (Mrs.),* Public Defender of Indiana, *Stephen Brown,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

### CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant William Lee Johnson (Johnson) belatedly appeals from conviction of Conspiracy

to Commit a Felony,[1] to-wit: violation of the 1935 Narcotics Act, claiming the trial court erroneously admitted the testimony of two co-conspirators and insufficient evidence.

We affirm.

## FACTS

The facts and evidence most favorable to the State are as follows:

On November 8, 1971, Johnson and his two brothers, Fred and George, were tried by a jury on charges of Conspiracy to Commit a Felony, to-wit: violation of the 1935 Narcotics Act. Ralph Barnett and James Dunlap, two participants in the alleged conspiracy, provided the major part of the evidence linking Johnson with an organization supplying heroin to "dealers" in Indianapolis.

Barnett testified Johnson was primarily involved as a helper, assisting in "cutting" and packaging the heroin and also in collecting money for the heroin from "dealers" in the organization. Dunlap testified he bought drugs directly from Johnson and his brother George. He stated Johnson and George occasionally made deliveries to him and that at other times he went to their home to pick up the drugs.

Johnson was convicted on November 10, 1971, and was later sentenced to imprisonment for not less than two or more than fourteen years and fined $3,000.

Johnson's Belated Motion to Correct Errors was filed on January 25, 1972 and reads:

Comes now the defendants, each of them, severally, and by counsel, and avers and says to the Court that error was contained in the verdict of the jury in this cause in that:

1. The Court admitted certain evidence over the objection of the defendants.

2. There was insufficient evidence to sustain a finding of guilty.

3. The verdict of the jury was contrary to law.

1. IC 1971, 35-1-111-1, Ind. Ann. Stat. § 10-1101 (Burns 1956).

WHEREFORE, defendants, by counsel, pray the Court grant a new trial and for all other fit and proper relief in the premises.

Omitting formal parts, all the attached memorandum stated was:

The State of Indiana failed to prove beyond a reasonable doubt the guilt of the defendants and relies on *Patton* v. *State* (1961), 241 Ind. 645, 175 N.E.2d 11.

Johnson's Belated Motion was overruled and by permission of this Court he filed a Belated Appeal under Post Conviction Rule 2, § 1(b).

## ISSUES

ISSUE ONE    Did the trial court commit reversible error by admitting the testimony of two co-conspirators before the independent evidence established the existence of the alleged conspiracy?

ISSUE TWO    Was the evidence sufficient to sustain Johnson's conviction?

As to ISSUE ONE, Johnson contends that the trial court violated a "well-established precept of Indiana law" by allowing Barnett and Dunlap to testify regarding the conspiracy in the absence of any other evidence to prove that he conspired to commit the crime charged.

The State replies that Johnson failed to properly raise the alleged error in his Belated Motion and that even if preserved, such is not Indiana law.

As to ISSUE TWO, Johnson asserts the only evidence of his participation in the conspiracy came from Barnett and Dunlap. As their testimony was erroneously admitted, he argues the jury's verdict and the tral court's judgment is not supported by sufficient evidence.

The State disagrees.

## DECISION

ISSUE ONE

CONCLUSION—It is our opinion that Johnson's Belated Motion is not sufficient to present the claimed error on appeal.

Again we must plow familiar ground.

Johnson's Motion to Correct Errors and the Memorandum attached obviously fail to specify any error as to the admission of "certain evidence over the objection of the defendants" . . . and so is waived.

The requirement of specificity contained in TR. 59(B) and echoed by TR. 59(G) should be notorious by now. Not only must the alleged error be specifically set out, but also the facts and grounds in support of the claimed error must be discussed with enough particularity that the trial court may be made aware of the exact legal issue involved. Failure to comply waives any claimed error except sufficiency of the evidence, pursuant to TR. 50(A)(5).

*See, Stevenson* v. *State* (1975), 164 Ind. App. 199, 327 N.E.2d 621;

*Tillman* v. *State* (1975), 163 Ind. App. 563, 325 N.E.2d 509;

*Boles* v. *State* (1975), 163 Ind. App. 196, 322 N.E.2d 722;

*Southerland* v. *Calvert* (1974), 162 Ind. App. 606, 320 N.E.2d 803;

*Saloom* v. *Holder* (1973), 158 Ind. App. 177, 304 N.E.2d 217;

*Bennett* v. *State* (1973), 159 Ind. App. 59, 304 N.E.2d 827;

*Spivey* v. *State* (1971), 257 Ind. 257, 274 N.E.2d 227;

*Wynn* v. *State* (1974), 162 Ind. App. 521, 319 N.E.2d 885;

*Ind. St. Bd. of Tax Com'rs.* v. *Pappas* (1973), 158 Ind. App. 327, 302 N.E.2d 858;

*State* v. *Hladik* (1973), 158 Ind. App. 223, 302 N.E.2d 544;

*Weingart* v. *State* (1973), 157 Ind. App. 597, 301 N.E. 2d 222;

*Daben Realty Company* v. *Stewart* (1972), 155 Ind. App. 39, 290 N.E.2d 809;

*Matthew* v. *State* (1972), 154 Ind. App. 182, 289 N.E.2d 336;

*Ostric* v. *St. Mary's College* (1972), 153 Ind. App. 616, 288 N.E.2d 565.

*See also, McCauley* v. *State* (1974), 159 Ind. App. 683, 311 N.E.2d 430 (on Petition for Rehearing) ;

TR. 50 (A) (5).

The rationale for waiver is stated in *Bennett* v. *State* (1973), 159 Ind. App. 59, 304 N.E.2d 827:

> While a motion to correct errors serves as a complaint on appeal, its primary purpose is to afford the trial court the opportunity to rectify errors it has committed. *Bud Gates, Inc.* v. *Jackson* (1970), 147 Ind. App. 123, 258 N.E. 2d 691. Without being informed by a specific statement of the facts and grounds on which the claimed error is based, the trial judge cannot rectify his errors, if any. Were it otherwise, an appellant could propel himself into this or the Supreme Court by general statements of claimed errors, detailed at leisure after his motion to correct errors is overruled. Such a gigantic bootstrap by an appellant is precisely what the rules of appellate procedure are designed to avoid.

304 N.E.2d at 829 (citations omitted).

ISSUE TWO

CONCLUSION—It is our opinion that there was sufficient evidence to sustain Johnson's conviction.

Johnson's claimed error of insufficiency of the evidence to support his conviction falls within the protection of TR. 50(A)(5) which allows an appellant for the first time on a criminal appeal to attack the verdict as clearly erroneous and contrary to the evidence because the evidence is insufficient to support it.[2] *McCauley* v. *State* (1974), 159 Ind. App. 683, 311 N.E.2d 430 (on Petition for Rehearing).

---

2. TR. 50(A)(5) states:

(A) *Judgment on the Evidence—How Raised—Effect. Where* all or some of the issues in a case tried before a jury or an advisory jury

As Johnson has failed to preserve any error as to the inadmissibility of the testimony of the two co-conspirators,[3] ▓▓ Barnett & Dunlap, their testimony may properly be considered by this Court on appeal along with all other evidence and reasonable inferences most favorable to the State in determining the sufficiency of the evidence. Their testimony was detailed and explicit, the inescapable conclusion being that their testimony alone was sufficient to affirm the conviction.

Affirmed.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 338 N.E.2d 680.

are not supported by sufficient evidence or *a verdict* thereon *is clearly erroneous as contrary to the evidence because the evidence is insufficient to support it, the court* shall withdraw such issues from the jury and enter judgment thereon or *shall enter judgment thereon notwithstanding a verdict. A party* may move for such judgment on the evidence:

\* \* \*

(5) *may raise the issue upon appeal for the first time in criminal appeals* but not in civil cases; or

\* \* \*

(Emphasis supplied.)

3. Johnson's contention would fail in any event. Co-conspirators may give direct testimony which supports a conviction of conspiracy. *Wolfe* v. *State* (1974), 161 Ind. App. 313, 315 N.E.2d 371.