CLEVELAND SMITH *v.* STATE OF INDIANA.

[No. 3-176A20.  Filed June 28, 1977.]

*Herbert E. Boase,* of LaGrange, *William T. Enslen, McHie, Enslen & Moran,* of Hammond, for appellant.

*Theodore L. Sendak,* Attorney General, *James N. Shumacker,* Deputy Attorney General, for appellee.

STATON, P.J.—Cleveland Smith was charged with one count of kidnapping, IC 1971, 35-1-55-1 (Burns Code Ed.), and one count of pointing and aiming a firearm, IC 1971, 35-1-79-5 (Burns Code Ed.). Pauper counsel was appointed. After a trial by jury, Smith was acquitted on the kidnapping charge and found guilty on the charge of aiming a firearm. Judgment was entered on the verdict, and, on October 2, 1975, Smith was sentenced to a term of not less than one (1) year nor more than three (3) years. Smith's trial attorney timely filed a motion to correct errors, which was denied. Herbert E. Boase was then appointed pauper attorney for the purpose of perfecting and conducting an appeal for Smith. The appeal was timely perfected.

Boase, as Smith's appellate counsel, filed an Appellant's Brief on March 19, 1976. On the same day, Boase filed a petition for leave to withdraw as counsel, which read as follows:

"Come now Herbert E. Boase and William T. Enslen, counsel appointed for the purpose of perfecting an appeal for the Defendant-Appellant, and request leave to withdraw as counsel, and show the Court of appeals:

"1. That they have searched the Record of Proceedings in this cause in depth, and cannot find error meriting a reversal or new trial.

"2. That counsel have corresponded with the Defendant and Defendant has been unable to point to any new evidence or any matter outside the Record which would merit a reversal or new trial.

"3. That counsel William T. Enslen has discussed this matter with Defendant's trial counsel, Charles Graddick, who has informed counsel that he knows of no error in the Record or outside of the Record which would merit a reversal or new trial.

"4. Counsel have not found or been apprised of any Indiana procedure concerning a situation as in this cause, but have found a federal procedure outlined in *Anders* v. *California* (1967), 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396. In *Anders,* appellate counsel have the duty of writing a brief outlining all arguable points which could possibly be raised on appeal and move to withdraw. Under *Anders*

the appellate court proceeds to decide whether the appeal is wholly frivolous or whether any of the points noted in the brief are arguable on their merits.

"5. Counsel have followed the procedure outlined in *Anders,* submit a Brief in conjunction with this motion raising and presenting the law on all of the points enumerated in the motion to correct errors, and raising any other points which might have been raised even if not contained in the motion to correct errors.

"6. Defendant has been notified of the conclusions of counsel and is being served a copy of this motion and the Brief.

"7. That counsel request to be allowed to withdraw as counsel for Defendant in accordance with the procedures of *Anders.*

WHEREFORE, appointed counsel for Defendant request leave to withdraw as counsel, and request the Court of Appeals to determine whether this appeal is frivolous or whether any arguable legal point exists."

On March 24, 1976, the Court of Appeals ordered that the petition for leave to withdraw as counsel be "held in abeyance pending either the final decision of the Court in this case or further order of the Court on said petition." We now deny that petition for leave to withdraw.[1]

The motion to correct errors in the instant case was filed by Smith's trial counsel and stated the following errors:

"1. That the verdict of the jury is contrary to law and is not sustained by sufficient evidence.

"2. That the Court permitted an error of law in the conduct of the trial by allowing the admission of inadmissable [sic] evidence."

We have reviewed the entire record, and we conclude that there is ample evidence to sustain Smith's conviction of aiming

---

1. The direction by counsel to the Anders decision is misplaced. *See Dixon* v. *State* (1972), 152 Ind. App. 430, 284 N.E.2d 102; and *Hendrixson* v. *State* (1974), 161 Ind. App. 434, 316 N.E.2d 451. This Court has expressed its preference for allowing an appeal decided upon the merits, in accordance with the position taken by the Advisory Committee on ABA Standards.

a firearm. We may not weigh the evidence or judge the credibility of the witnesses. We must look only to the evidence and the reasonable inferences therefrom which support the finding of the trial court, and, if there is evidence of probative value from which the trier of fact could have found the defendant guilty beyond a reasonable doubt, we must affirm the conviction. In the present case, Jerome Tryon, the prosecuting witness, testified that, after he dropped off a passenger at the Nova Lounge, he got back in his car and "the Defendant there is sitting in the back-seat of my car. I start driving and he puts a gun to my head." Tryon identified the gun and stated:

"Q. Have you ever seen this deringer [*sic*] before?
"A. It looks like the same gun that was pointed towards me.
"Q. Is this in connection with the events you described earlier today?
"A. Yes.
"Q. And the man who pointed this gun at you, is he in the Court room today?
"A. Yes, sir, he is.
"Q. Point him out.
"A. The defendant sitting over there."

No objection was made to the in-court identification of the defendant. There is no suggestion that Smith was aiming the firearm in defense of his person or property. Although defense counsel attempted to discredit and impeach the credibility of the prosecuting witness, the jury, by returning a verdict of guilty of aiming a firearm, must have believed the testimony of Tryon. We cannot overturn the jury's verdict, because there is ample direct evidence to support it.

Smith's second specification of error, the admission of inadmissible evidence, obviously fails to comply with the specificity requirement contained in Indiana Rules of Procedure, Trial Rules 59(B) and 59(G), and so is waived. *Johnson* v. *State* (1975), 167 Ind. App. 292,

338 N.E.2d 680, and cases there cited. The error, and the facts and ground in support of the alleged error, are not "discussed with enough particularity that the trial court may be made aware of the exact legal issue involved." *Id.*, 338 N.E.2d at 682.

We conclude that there was sufficient evidence to support Smith's conviction of aiming a firearm. We conclude that any evidentiary issue has been waived for lack of specificity in the motion to correct errors.[2] We have carefully reviewed the record, and we find no other arguable errors and no indications of misconduct or unfairness which might merit our consideration.

Appellate counsel's petition to withdraw is denied. Smith's conviction of aiming a firearm is affirmed.

Hoffman and Garrard, JJ., concur.

NOTE.—Reported at 363 N.E.2d 1295.

---

2. We note that, in spite of the obvious waiver, appellate counsel reviewed in its brief all objections made by Smith's trial counsel to the evidence and the testimony.