Louis MONTGOMERY,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–382A41.

Court of Appeals of Indiana,
Third District.

Aug. 30, 1982.

Rehearing Denied Dec. 1, 1982.

Frederick E. Rakestraw, Brown, Rakestraw & Kehoe, Rochester, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

Louis Montgomery was found guilty of conspiracy to commit theft and conspiracy to commit robbery.[1] He contends the court erred in admitting into evidence and considering the post-arrest statement given by Raney, one of his alleged coconspirators, and that the evidence is insufficient to sustain the conviction.

Apart from Raney's statement the evidence established that Montgomery, Raney and George Thomas went from Chicago to Leiter's Ford, Indiana on June 19, 1981. Raney then took an Oldsmobile automobile belonging to Michael Simpson who was employed by the Leiter's Ford State Bank. The three then drove in the Oldsmobile to the front of the bank, parked, and all three entered the bank. Upon entering the bank one stayed by the door, one stood near the center of the bank, and the third went to one of the teller's windows and secured change for a dollar. One of the three then asked if that was all he was going to do. The three then left the bank and drove away in the Oldsmobile. The Oldsmobile was recognized as Simpson's and the police were called.

A short time later Montgomery and Raney were headed north on State Highway 17 and Thomas was also headed north on the same road driving the automobile belonging to Montgomery's brother and in which they had originally driven to Leiter's Ford. The Oldsmobile was driven into an open field and abandoned, the occupants fleeing into a nearby woods. Thomas was apprehended and police found two handguns and ammunition in the vehicle. Montgomery and Raney were apprehended a short time later.

At trial the state called Raney as a witness. When he professed inability to remember the events involved in stealing the Oldsmobile and what happened thereafter, the state moved to introduce a statement given by him after his arrest. Over objection the statement was admitted. In it Raney detailed that the three had come to Leiter's Ford to rob the bank and that they stole the Oldsmobile as a part of the plan.

On appeal Montgomery urges that the universal rule is that only those acts and declarations which were made during the course of the conspiracy and in furtherance of its purposes are admissible against the conspirators to prove the offense. He contends that Raney's statement to the police was neither in furtherance of the conspiracy nor during its continuation and that therefore its admission was prejudicial error.

■ The argument misperceives the essence of the "rule" concerning the acts and declarations of the members of a conspiracy. It is a rule of inclusion and its purpose is to provide for the *admission* of otherwise objectionable evidence. As usually stated, the rule permits the introduction into evidence as substantive proof of the guilt of the accused any actions or statements made by the asserted co-conspirators during the continuance of the conspiracy and in furtherance of its objects. *Patton v. State* (1961), 241 Ind. 645, 175 N.E.2d 11. The reason behind the rule is that a conspiracy is a partnership in crime. *Pinkerton v. United States* (1946), 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489. Thus, one partner may

1. IC 35–41–5–2 provides, in pertinent part:

"(a) A person conspires to commit a felony when, with intent to commit the felony, he agrees with another person to commit the felony. A conspiracy to commit a felony is a felony of the same class as the underlying felony. However, a conspiracy to commit murder is a Class A felony.

"(b) The state must allege and prove that either the person or the person with whom he agreed performed an overt act in furtherance of the agreement."

speak or act for the others and his actions are attributable to the others.

■ As Montgomery suggests, acts or statements made outside the continuance of the conspiracy or not in furtherance of its objects are not admissible under the rule; that is to say they are not rendered admissible because of the rule's existence.[2] Thus, in *Patton* the court held that a confession or the admission of a conspiracy by one co-conspirator in a post-arrest statement was not made during or in pursuit of the objects of the conspiracy so as to render it admissible under the rule. Similarly, we have held the fact that one co-conspirator entered a guilty plea to the charge was not admissible by operation of the conspiracy rule. *Berridge v. State* (1976), 168 Ind.App. 22, 340 N.E.2d 816.

■ We agree that the statement Raney gave to the police was not admissible on the ground that it was the declaration of a co-conspirator made during and in furtherance of the conspiracy. However, as Judge Ratliff recognized in *Brown v. State* (1980), Ind.App., 403 N.E.2d 901 the question then becomes whether the proffered evidence is otherwise admissible.

■ The statement expressly considered Montgomery's involvement and was clearly material and relevant.[3] The question is whether it constituted inadmissible hearsay as substantive proof of Montgomery's guilt.

In *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482 our Supreme Court adopted the rule that out-of-court assertions were admissible as substantive evidence where the out-of-court asserter was present at trial as a witness and subject to cross examination.[4] Subsequent decisions have applied the rule whether or not the witness denied the statement or denied recollection of the out-of-court statement. *See, e.g., Moten v.*

State (1978), 269 Ind. 309, 380 N.E.2d 544; *Smith v. State* (1980), Ind.App., 400 N.E.2d 1137. Although the rule has been questioned, *Samuels v. State* (1978), 267 Ind. 676, 372 N.E.2d 1186, it is still the applicable law in Indiana. *Remsen v. State* (1981), Ind., 428 N.E.2d 241.

■ It follows that Raney's statement was properly admitted and that with it the evidence sustains the convictions.

Affirmed.

HOFFMAN, P. J., concurs.

STATON, J. concurs in result and files separate opinion.

STATON, Judge, concurring in result.

I concur in result because the second requirement of *Patterson*, relevant evidence to prove the conspiracy, was not met. The conspiracy had ended when the statement was made by Raney. However, the error is harmless, since other evidence is more than sufficient to circumstantially prove the commission of the conspiracy.

---

2. Once its admission is not provided by the inclusion force of the rule, much such evidence will be objectionable, usually on grounds of hearsay or relevance.

3. Actions of co-conspirators will normally be found irrelevant where they occur after the termination of the conspiracy. *See Brown, su-*

*pra.* No question was raised concerning Raney's willingness to testify. *See* IC 35–1–31–3; *Jay v. State* (1965), 246 Ind. 534, 206 N.E.2d 128.

4. When *Patton* was decided such statements were not admissible for substantive purposes.