**Joner BEAL, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 981S260.**

Supreme Court of Indiana.

Sept. 14, 1983.

Susan K. Carpenter, Public Defender, Jay Rodia, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Joner Beal, Jr., was found guilty by a jury in the Elkhart Superior Court of conspiracy to commit arson, a class B felony. He was sentenced to a term of thirteen years imprisonment. He now directly appeals and presents for our review the following five issues:

1. denial of Appellant's Motion for Mistrial;

2. denial of Appellant's Motion for Severance, Motion for Continuance and Motion *in Limine;*

3. sufficiency of the evidence;

4. alleged error in the State's order of proof; and

5. alleged error of certain final instructions.

The facts appear to be as follows. Duane Farrell sold to George Reese on a contract basis a house located at 934 Hubbard Street in Elkhart, Indiana. Reese was approximately one year in arrears on his house payments as of October, 1980. Accordingly, Farrell instituted legal proceedings to rescind the contract. Rosalind Williams lived across the street from Reese. She testified to a conversation which took place between Reese and Appellant as Reese worked on Appellant's truck sometime during October, 1980. Williams specifically testified that she overheard Reese and Appellant discuss the possibility of Reese paying Appellant $250 to burn his house down. Reese proceeded to acquire a "contents only" insurance policy on his house. He stored his furniture and appliances with various friends who testified that Reese told them that he was planning to move. Reese also told Susan Parker, a girlfriend, that he was going to have Appellant set his house on fire so that he could collect on his insurance policy. Parker called the police department to warn them of the danger of the fire. On October 25, 1980, the police discovered the fire in progress shortly after it had begun. Later that evening, Appellant appeared at Parker's home smelling of gasoline; he changed his clothes and placed a telephone call. Reese subsequently told Parker that Appellant "did not set the fire right." Certain police officers and firemen smelled gasoline in the house when they entered it to put out the fire and testified that the fire obviously had been set through the use of gasoline.

I

Appellant claims that the trial court erred by denying his Motion for Mistrial made when a witness for the State volunteered the fact that she had taken a polygraph examination. Appellant previously had filed a motion *in limine* with the trial court requesting the trial court to instruct the State not to mention, refer to or interrogate witnesses about the fact that Susan Parker had taken and passed a polygraph examination. Appellant's motion *in limine* also asked that the State be instructed to advise its witnesses to refrain from mentioning this fact. The motion *in limine* was granted. At trial and during the State's redirect examination of State's witness Susan Parker, the following question and answer occurred:

"Q. Susie, there came another time after you first talked to Detective Schenk and Investigator Holderman that you did tell the police who set the fire, Is that correct?

A. Yes, after I got on one of those lie detectors."

Appellant immediately objected to this answer and moved for a mistrial. The State responded by claiming that the jury could be admonished to disregard the improper answer. The trial court denied Appellant's motion for mistrial but gave the jury the following admonishment:

"Ah, ladies and gentlemen of the jury, I am going to admonish that you disregard the last comment of the witness, the last response of the witness and do not take the same into your account in your deliberations in any fashion in this case."

It is clear that Parker's response was a voluntary statement by the witness since it was neither solicited by the prosecutor nor responsive to the prosecutor's question. There was nonetheless a mention by the witness that she had taken a polygraph examination.

Appellant now relies on *Williams v. State,* (1978) 268 Ind. 365, 375 N.E.2d 226, to support his argument that the reference to a polygraph by a witness requires a reversal. The State contends, however, that *Williams* is distinguishable from the circumstances here in that the prosecutor in *Williams* purposely elicited the testimony that a polygraph test had been adminis-

tered whereas the instant prosecutor did not. In *Williams,* the prosecutor stated to the trial court that his purpose in having the witness testify that he had taken a polygraph was to support that witness' testimony and to infer to the jury that he was telling them the truth. That, of course, is the very reason for prohibiting evidence about the giving of a polygraph examination even though the test results are not testified to. The inference to the jury is exactly as the prosecutor in *Williams* stated which is that since the person passed the polygraph, that person is necessarily telling the truth to the jury. We also noted in *Williams* that the witness testifying in that case was the primary, if not the only, witness to implicate Defendant Williams in the murder for which he was charged. Moreover, Defendant Williams had asked the trial court to either grant a mistrial or admonish the jury, neither of which the trial judge would do.

■■■ The denial of a motion for mistrial rests largely within the discretion of the trial court and the reviewing court will reverse only when it is shown that the defendant was placed in a position of grave peril to which he should not have been subjected. *Morgan v. State,* (1981) Ind., 419 N.E.2d 964. The defendant must affirmatively demonstrate that his rights were substantially prejudiced so as to have denied him of a fair trial. *Williams, supra, Cooper v. State,* (1977) 265 Ind. 700, 359 N.E.2d 532. Moreover, when the trial court admonishes the jury to disregard what has occurred at trial or when other curative measures are taken, the trial court's refusal to grant a mistrial ordinarily is not reversible error. *Ramos v. State,* (1982) Ind., 433 N.E.2d 757, *reh. denied; Tinnin v. State,* (1981) Ind., 416 N.E.2d 116. In the instant case, the statement by Witness Parker was not solicited by the State. Furthermore, although the content of Parker's testimony probably was damaging to Appellant, it was not the only evidence implicating Appellant in the instant crime. Most importantly, the trial court admonished the jury to disregard the statement and instructed the jury to not take it into account in their deliberations.

We will presume that the jury heeded the trial court's admonition and disregarded the statement of Witness Parker. We therefore find no reversible error on this issue.

## II

Appellant next contends that the trial court erred when it allowed Witness Susan Parker to testify that George Reese, Appellant's Co-defendant, threatened to burn down her apartment if she testified against him. Co-defendant Reese was, as a matter of fact, charged with intimidation of the witness approximately three days prior to his trial with Appellant. Prior to said trial, Appellant filed a motion for severance of defendants, a motion for continuance and a motion *in limine,* each based on some alleged prejudice attending the fact that Co-defendant Reese had made this threat. The trial court denied all three motions; Appellant now claims error in each instance.

■■■ The ruling on a motion for continuance not based upon statutory grounds is within the sound discretion of the trial court and will be reversed only for an abuse of that discretion. In order to demonstrate an abuse of discretion, the record must reveal that the defendant was prejudiced by the failure to grant the continuance. *Dorton v. State,* (1981) Ind., 419 N.E.2d 1289; *Himes v. State,* (1980) Ind., 403 N.E.2d 1377; *Vaughn v. State,* (1978) 269 Ind. 142, 378 N.E.2d 859. In view of the manner in which the instant trial judge handled Appellant's situation, we do not find that he abused his discretion by denying Appellant's motion for a continuance.

The trial court also denied Appellant's motion *in limine* which requested the trial court to instruct the State not to bring into evidence any mention of Reese's intimidation of the witness. The trial court denied the motion *in limine* holding that evidence of Reese's intimidation was proper when admitted against Reese but could not be used by the jury in determining Appellant's guilt or innocence. The trial judge so admonished the jury. Specifically, the trial court admonished the jury that the evidence

of intimidation was to be used only against Co-defendant Reese and was not to be considered as to Appellant. The trial court further reinforced its admonishment by instructing the jury in its final instructions that the evidence of witness intimidation was directed only against Co-defendant Reese and not against Appellant. The evidence itself of course referred only to Co-defendant Reese and not to Appellant.

Although Appellant moved in his pretrial motion for a severance of trials, he did not renew his motion for severance during trial pursuant to Ind.Code § 35–3.1–1–12(b) (Burns 1979) [repealed effective September 1, 1982] and thereby waived the issue. *Dorton, supra.* Even considering the issue on its merits, however, we do not find reversible error in the trial court's denial of the motion for severance. Appellant's only argument is that the evidence of intimidation by his Co-defendant prejudiced the jury against him through guilt by association. Since the evidence of witness intimidation was directed against Reese only and since the trial court carefully admonished and instructed the jury that said evidence had no reference to Appellant and was not to be used against him, we do not find Appellant prejudiced. We therefore find no reversible error on this issue.

### III

Appellant claims that the evidence was insufficient to support his conviction of conspiracy to commit arson. On a question of sufficiency of the evidence, of course, this Court does not reweigh the evidence nor resolve questions of credibility but rather looks to the evidence most favorable to the State with all reasonable inferences drawn therefrom. The conviction will be affirmed if, from that view, there is evidence of probative value from which a reasonable trier of fact could infer that the defendant is guilty beyond a reasonable doubt. *Palmer v. State,* (1981) Ind., 425 N.E.2d 640; *Smith v. State,* (1981) Ind., 419 N.E.2d 743. As a reviewing court, we need not find the evidence adequate to overcome every reasonable hypothesis of innocence;

we need only find that a reasonable inference may be drawn from the evidence presented which supports the trial court's finding. *Hernandez v. State,* (1982) Ind., 439 N.E.2d 625.

There was evidence here that Reese openly said that he was going to burn down his house and collect insurance money on his possessions. Reese obtained an insurance policy to cover the contents of his house and then removed said contents to the homes of certain of his friends. Witness Rosalind Williams testified that she overheard Reese offer Appellant $250 to help him get rid of the house. Susan Parker testified that Reese told her that he was going to have Appellant burn down his house and that Reese later told her that Appellant had not done it right. Furthermore, Appellant appeared at Parker's house on the night of the fire smelling of gasoline. Appellant claims that no witness actually saw him inside the house on the night of the fire and that no witness saw him with any implement for starting the fire. Resolution of the facts, however, is to be determined by the jury when there is ample probative evidence from which the jury could find that the defendant was in fact guilty. Conviction for conspiracy may rest upon circumstantial evidence alone. *Williams v. State,* (1980) Ind., 409 N.E.2d 571; *Howard v. State,* (1981) Ind.App., 422 N.E.2d 440. There was ample evidence here to justify the instant jury in reaching the verdict it did.

### IV

Appellant next contends that the trial court erred by allowing the State to introduce evidence which tended to show that an arson occurred before the State proved that Appellant had conspired to commit that arson. Appellant cites no direct authority which holds that the State must prove that an illicit agreement was made before it may show that a crime has occurred. It is Appellant's contention, however, that the State in its order of proof must first prove that the perpetrators conspired to commit a crime before it can show

that the crime was actually committed. We do not accept Appellant's interpretation of the law in this regard. Proof of the *corpus delicti* is proof which shows that a crime has been committed. It generally has been held that the *corpus delicti* must first be proved before any statements or any involvement of the defendant can be introduced. Our older cases specifically required that the *corpus delicti* be proved before the statements of a co-conspirator could be introduced to prove the involvement of the accused. *Patton v. State,* (1961) 241 Ind. 645, 175 N.E.2d 11. The stringent rules of order of proof demonstrated by *Patton,* however, have been abrogated by this Court. In regard to a question similar to the instant one, we have held that the order of evidence is a matter to be determined in the sound discretion of the trial judge and no reversible error will be found by admitting evidence out of order so long as evidence of the defendant's involvement is ultimately forthcoming. *Vacendak v. State,* (1982) Ind., 431 N.E.2d 100. This is to say that it can be proper for the State to prove that a crime has been committed before showing that there was a conspiracy involving a defendant to commit that crime. In the instant case, the trial judge admitted photographs which demonstrated the commission of the crime of arson but said admission was conditioned upon the subsequent proof of Appellant's involvement. The trial judge specifically refused the prosecutor's request to pass the exhibits to the jury until the close of the State's evidence. There is, therefore, no showing that there was any prejudice to Appellant by any error the trial court may have committed by permitting evidence to be presented in the order it was, if in fact, there was any error. We accordingly find no abuse of discretion justifying reversal.

## V

Finally, Appellant argues that the trial court erred by giving the State's tendered Instructions I through V and VII as modified because all were tendered after the time limit prescribed by the local rules of the trial court and because Instruction VII allegedly misstated the law. Local Rule XVI of the Elkhart Superior Court provides that:

" . . . each party shall tender to the Court no less than seven (7) days prior to the date upon which the trial of the cause is set all of the proposed preliminary and final instructions such party then intends to enter in the cause . . ."

The instructions here contested were tendered by the State on the first day of trial. With respect to Instructions I through V, Appellant does not in any way indicate how said instructions were inaccurate or otherwise objectionable. The instruction of the jury is largely within the discretion of the trial court and will be reviewed only for an abuse of that discretion. *Coonan v. State,* (1978) 269 Ind. 578, 382 N.E.2d 157, *cert. denied,* (1979) 440 U.S. 984, 99 S.Ct. 1798, 60 L.Ed.2d 246; *Buttram v. State,* (1978) 269 Ind. 598, 382 N.E.2d 166, *reh. denied* (1979). Since there is no showing here that the trial court prejudiced Appellant by its action and since there is no showing that the instructions were inaccurate or otherwise objectionable, we find no abuse of discretion. The only specific objection Appellant makes is to Instruction VII which was directed to the intimidation of a witness by Co-defendant Reese. That instruction instructed the jury as to the charge of intimidation of a witness and specifically instructed the jury that the charge was against Reese only and was not against Appellant. We already have discussed this matter in Issue II above and have found no error occasioned by it.

Finding no reversible error, we affirm the trial court in all things.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.